UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ESTATE OF JAMES OSCAR SMITH
and HEBREW HUSTLE INC.,

       JUDGE TORRES Plaintiffs,

CASH MONEY RECORDS, INC.,
UNIVERSAL REPUBLIC RECORDS,
an unincorporated division of UMG
RECORDINGS, INC., UNIVERSAL
MUSIC GROUP DISTRIBUTION, CORP.,
EMI MUSIC PUBLISHING MANAGEMENT,
LLC, UNIVERSAL MUSIC-MGB NA, LLC,
WARNER/CHAPPELL MUSIC, INC.,
SONY/ATV MUSIC PUBLISHING, LLC,
AUBREY DRAKE GRAHAM p/k/a DRAKE,
MATTHEW JEHU SAMUELS p/k/a
BOI-1DA, JORDAN EVANS, APPLE, INC.,
and AMAZON DIGITAL SERVICES, INC.,

         Defendants.
-------------------------------------------------------X

**14 CV 2703**

Case No.

**COMPLAINT**

**ECF CASE**



APR 1 3 2014
U.S.D.C. S.D. N.Y.

   Plaintiffs, ESTATE OF JAMES OSCAR SMITH and HEBREW HUSTLE INC. (collectively referred to hereafter as "Plaintiffs"), by their attorney, Anthony Motta, as and for their Complaint against the defendants, CASH MONEY RECORDS, INC., UNIVERSAL REPUBLIC RECORDS, an unincorporated division of UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP DISTRIBUTION CORP., EMI MUSIC PUBLISHING MANAGEMENT LLC, UNIVERSAL MUSIC-MGB NA, LLC, WARNER/CHAPPELL MUSIC, INC., SONY/ATV MUSIC PUBLISHING, LLC, AUBREY DRAKE GRAHAM p/k/a DRAKE, MATTHEW JEHU SAMUELS p/k/a BOI-1DA, JORDAN EVANS, APPLE, INC., and AMAZON DIGITAL SERVICES, INC. (collectively referred to hereafter as "Defendants"), allege the following:

1

## THE PARTIES

1. Plaintiff, Estate of James Oscar Smith (the "Smith Estate"), is the Estate of the former jazz musician, James Oscar Smith, also known as Jimmy O. Smith and Jimmy Smith ("Smith").

2. Plaintiff, Hebrew Hustle Inc. ("Hebrew Hustle"), is a Florida corporation, with its principal offices in Boca Raton, Florida.

3. Defendant, Cash Money Records, Inc. ("Cash Money Records"), is a Louisiana corporation, currently not in good standing in Louisiana, formerly authorized to do business in the State of New York, with offices in New Orleans, Louisiana and Miami, Florida.

4. Defendant, Universal Republic Records, is an unincorporated division of UMG Recordings, Inc. ("UMG"), a Delaware corporation authorized to do business in the States of New York and California, with offices in New York, NY and Santa Monica, California.

5. Defendant, Universal Music Group Distribution, Corp. ("UMGD"), is a Delaware corporation authorized to do business in the States of New York and California, with offices in New York, NY and Santa Monica, California.

6. Defendant, EMI Music Publishing Management LLC ("EMI"), is a Delaware corporation authorized to do business in the States of New York and California, with offices in New York, NY and Los Angeles, California.

7. Defendant, Universal Music-MGB NA, LLC ("Universal Music Publishing"), is a limited liability company organized under the laws of the State of California authorized to do business in the States of New York and California, with offices in New York, NY and Santa Monica, California.

8. Defendant, Warner/Chappell Music, Inc. ("Warner/Chappell"), is a Delaware

corporation authorized to do business in the States of New York and California, with offices in New York, NY and Los Angeles, California.

9. Defendant, Sony/ATV Music Publishing, LLC ("SONY/ATV"), is a Delaware corporation authorized to do business in the States of New York and California, with offices in New York, NY and Los Angeles, California.

10. Upon information and belief, Defendant, Aubrey Drake Graham, is a musical artist performing under the name "Drake" ("Drake"), and resides in Los Angeles, California.

11. Upon information and belief, Defendant, Matthew Jehu Samuels, is a music producer professionally known as "Boi-1da" ("Samuels"), and resides in the country of Canada.

12. Upon information and belief, Defendant, Jordan Evans ("Evans"), is a music producer residing in the country of Canada.

13. Defendant, Apple, Inc. ("Apple"), is a California corporation authorized to do business in the State of New York, with principal offices in Cupertino, California.

14. Defendant, Amazon Digital Services, Inc. ("Amazon"), is a Delaware corporation authorized to do business in the State of New York, with its principal office in Seattle, Washington.

## JURISDICTION

15. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this is an action brought under the Copyright Act and the Copyright Revision Act, 17 U.S.C. § 101, *et seq.* This court has supplemental jurisdiction of Plaintiff's claim seeking declaratory judgment pursuant to 28 U.S.C. § 1367(a).

## VENUE

16. Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1)

and (2) and 1400(a).

## BACKGROUND

17. Smith was a celebrated jazz musician and composer who began his prolific career in the 1950's, and recorded more than eighty commercially released albums including: *The Sermon!*; *House Party*; *Home Cookin'*; *Midnight Special*; *Back at the Chicken Shack*; *Prayer Meetin*; *The Dynamic Duo*; and *The Further Adventures of Jimmy and Wes*. In 2005 Smith received the NEA Jazz Masters Award from the National Endowment of the Arts, the highest honor the United States bestows upon jazz musicians.

18. Hebrew Hustle is a music publishing company whose primary function is to market, manage, license, co-publish and administer musical compositions and their accompanying copyrights. Hebrew Hustle administers and co-publishes prominent songwriters and music producers who have written musical compositions for such well-known musical artists and performers as: Lil Wayne, Eminem, Rick Ross, Nas, and The Game.

19. In or about 1982 Smith composed and recorded the composition, "Jimmy Smith Rap" (the "Infringed Composition"), which was embodied on the album, *Off the Top*, released and distributed by Elektra Records, Inc. ("Elektra") in or about 1982.

20. Upon information and belief, Elektra currently is a subsidiary/unincorporated division of Warner Music Group ("Warner") and Elektra's sound recordings are administered by the Warner subsidiary, Rhino Entertainment Company.

21. Upon information and belief, Samuels and Evans are Canadian music producers who work primarily with established hip-hop artists, including Drake.

22. Upon information and belief, Drake is a successful Canadian recording artist, rapper, songwriter, and actor, who has released the following three studio albums to date: (1)

*Thank Me Later*, released in 2010 and which debuted at number one on the Billboard Top 200; (2) *Take Care*, released in 2011, which topped the charts in the United States and Canada, and spawned multiple hit singles; and (3) *Nothing Was the Same*, released in 2013, embodying the hit singles "Started from the Bottom" and "Hold On, We're Going Home." Upon information and belief, Drake has sold over five (5) million albums worldwide and earned a Grammy Award, three (3) Juno Awards, and six (6) BET Awards.

23. Upon information and belief, Cash Money Records is an American record label for some of the most well known musical artists in the rap and hip-hop genre, including Drake.

24. Upon information and belief, UMG was and is involved in the marketing, manufacture and duplication of sound recordings embodying the performances of musical artists.

25. Upon information and belief, UMGD distributes prerecorded music and films, via both physical and digital distribution, including distribution over the Internet via a number of digital music retailers and music services including, but not limited to iTunes, Amazon.com, and Spotify.

26. Upon information and belief, Apple digitally distributes prerecorded music over the Internet, via iTunes, which is Apple's music distribution service, available at the following URL: www.apple.com/itunes.

27. Upon information and belief, Amazon, a subsidiary of Amazon.com, Inc., distributes various forms of media over the Internet, including prerecorded music, in both digital and physical format, available at the following URL: www.amazon.com.

28. On February 5, 2005, Smith passed away testate while in Phoenix, Arizona with all rights in the Infringed Composition passing to his Estate.

29. On or around March 18, 2005, Smith's sister, Anita Smith-Johnson ("Smith-

Johnson"), was appointed as the executrix of Smith's Last Will and Testament, authorized to sell or lease any property belonging to Smith's estate, and to continue the operations of any business belonging to the Smith Estate.

30. The Smith Estate, by written agreement and written assignment, transferred to Hebrew Hustle an undivided fifty percent (50%) interest in the musical composition copyright of the Infringed Composition, and one hundred percent (100%) of the exclusive administration, promotion, and collection rights in the Infringed Composition.

31. Hebrew Hustle, registered its copyright interest in the Infringed Composition on October 23, 2013 with the U.S. Copyright Office, under the file number PA 1-866-431. (A true and correct copy of the Certificate of Registration for the Infringed Composition (the "Certificate") is attached as Exhibit A).

32. Upon information and belief, Drake's third studio album, *Nothing Was the Same* (the "Album"), was released on September 24, 2013 in North America by Cash Money Records, manufactured and marketed by UMG, distributed by UMGD, and sold by Apple, and Amazon.

33. "Pound Cake/Paris Morton Music 2" (the "Infringing Composition") is a musical composition embodied upon a sound recording that is included as a track on the Album, and as a disaggregated commercial single distributed and sold separate and apart from the Album.

34. The opening thirty-five (35) seconds of the Infringing Composition exclusively samples and incorporates approximately thirty-five (35) seconds of the sound recording and composition of the Infringed Composition.

35. The liner notes to the Album openly acknowledge that the sound recording embodying the Infringed Composition has been sampled, and that a license had been obtained for use of the sound recording. The liner notes state:

"Featuring samples from the Jimmy Smith recording "Jimmy Smith Rap" Produced under license from Atlantic Recording Corp., by arrangement with Rhino Entertainment Company, a Warner Music Group Company."

36. A license was never requested from, nor granted by either the Smith Estate, or Hebrew Hustle, the exclusive administrator of the Infringed Composition, for use of the Infringed Composition in the Infringing Composition.

37. Upon information and belief, Drake was the performer and Samuels and Evans the producers of the Infringing Composition.

38. Upon information and belief, Cash Money Records was the record label that released the Album, including the Infringing Composition, and authorized and directed UMG to market and manufacture the Album, UMGD to distribute the Album, and Apple, and Amazon to sell the Album and the Infringing Composition.

39. Upon information and belief, EMI is a music publishing company that represents the copyrights of musical compositions and songwriters and, at all times herein, has co-published and co-administered the alleged interest of writer(s) to the Infringing Composition.

40. Upon information and belief, Universal Music Publishing is a music publishing company that represents the copyrights of musical compositions and songwriters and, at all times herein, has co-published and co-administered the alleged interest of writer(s) to the Infringing Composition.

41. Upon information and belief, Warner/Chappell is a music publishing company that represents the copyrights of musical compositions and songwriters and, at all times herein, has co-published and co-administered the alleged interest of writer(s) to the Infringing Composition.

42. Upon information and belief, Sony/ATV is a music publishing company that

represents the copyrights of musical compositions and songwriters and, at all times herein, has co-published and co-administered the alleged interest of writer(s) to the Infringing Composition.

### FIRST CLAIM AGAINST SAMUELS, EVANS, DRAKE, CASH MONEY RECORDS, UMG, UMGD, UNIVERSAL MUSIC PUBLISHING, EMI, WARNER/CHAPPELL, AND SONY/ATV FOR COPYRIGHT INFRINGEMENT

43.     This is an action for damages and declaratory judgment and is brought by Plaintiffs pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. § 101, *et seq.* and 28 U.S.C. § 2201 (a).

44.     Plaintiffs have complied with all laws pertinent to the Infringed Composition as a copyrighted work.

45.     Plaintiffs have filed to obtain a Supplementary Registration with the U.S. Copyright Office, amending the Certificate to set forth the interest of the Smith Estate in the Infringed Composition as it mistakenly states Hebrew Hustle is the sole copyright claimant to the Infringed Composition. Hebrew Hustle and The Smith Estate are co-owners of the Infringed Composition, with each owning a fifty-percent (50%) interest in the Infringed Composition.

46.     Cash Money Records, UMG, UMGD, EMI, Universal Music Publishing, Warner/Chappell, Sony/ATV, Drake, Evans and Samuels have all infringed upon the Infringed Composition in a number of ways including the following: (1) creating a derivative work by including the Infringed Composition in the Infringing Composition; (2) through the manufacture, distribution and sale, and/or the authorizing of others to distribute and sell the Infringing Composition; (3) authorizing and/or licensing the Infringing Composition including for digital downloads; (4) commercially exploiting the Infringing Composition; (5) performing or authorizing the performance of the Infringing Composition; and/or (6) causing and/or materially contributing to and/or by substantially participating in and furthering the above-mentioned

infringing acts, and/or sharing the proceeds therefrom, all through unlicensed sales of the Infringing Composition.

47. Upon information and belief, Cash Money Records, UMG, UMGD, EMI, Universal Music Publishing, Warner/Chappell, Sony/ATV, Drake, Evans and Samuels had the obligation, right and ability to supervise each infringing activity but allowed the infringement to occur, and they had an obvious and direct financial interest in exploiting the copyrighted Infringed Composition.

48. Accordingly, Cash Money Records, UMG, UMGD, EMI, Universal Music Publishing, Warner/Chappell, Sony/ATV, Drake, Evans and Samuels are liable for direct, contributory, and vicarious copyright infringement of the Infringed Composition.

49. Upon information and belief, Cash Money Records, UMG, UMGD, EMI, Universal Music Publishing, Warner/Chappell, Sony/ATV, Drake, Evans and Samuels have and continue to receive payments for the unlicensed sale of the Infringing Composition.

50. Upon information and belief, Cash Money Records, UMG, UMGD, EMI, Universal Music Publishing, Warner/Chappell, Sony/ATV, Drake, Evans and Samuels have received payments for the unlicensed sale of the Infringed Composition without accounting for and remitting the appropriate amount of such royalties to Hebrew Hustle or providing for the appropriate copyright interest of Plaintiffs in the Infringing Composition.

51. Upon information and belief, Cash Money Records, UMG, UMGD, EMI, Universal Music Publishing, Warner/Chappell, Sony/ATV, Drake, Evans and Samuels have received royalties for the licensing of the Infringed Composition for digital downloads and streaming via the Internet.

52. By reason of the infringement of the Infringed Composition, and the continuous

infringement of the Infringed Composition, Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their rights in the Infringed Composition.

53. Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendants, their officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

54. Plaintiffs are further entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damage Plaintiffs have suffered by reason of Defendants' acts of copyright infringement but believe such damages exceed $150,000.00.

55. Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages they obtained as a result of their acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiffs are informed and believe that Defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.00.

### SECOND CLAIM AGAINST APPLE AND AMAZON FOR LOSS OF THE SAFE HARBOR DEFENSE AND COPYRIGHT INFRINGEMENT

56. Plaintiffs repeat the allegations set forth in paragraph 1 through 55.

57. The Infringing Composition has been distributed and sold since the Album's release date on September 24, 2013 via the iTunes service provided by Apple, and through Amazon, both in digital and in physical format.

58. On January 27, 2014, Plaintiffs' counsel sent a Take Down Notice pursuant to the

Digital Millennium Copyright Act ("DMCA") regarding the Infringing Composition to Apple, in compliance with 17 U.S.C. § 512(c)(3), to the physical address and e-mail address provided by Apple to the U.S. Copyright Office to receive notification of claimed infringements. (A true and correct copy of the DMCA Take Down Notice to Apple is attached as Exhibit B).

59. In lieu of complying with the DMCA Take Down Notice and expeditiously taking down the Infringing Work, as required by 17 U.S.C. § 512(c)(1)(c), on January 29, 2014, a representative for Apple responded to the DMCA Take Down Notice with the following message: "We have been in touch with our provider and they disagree with your claim. Please work with our provider directly to resolve your concern at the email addresses provided in the attached spreadsheet in the column tiled Comments. We hope this will be resolved amicably." The "attached spreadsheet" identified "Universal Music Group" as the "provider" and sets forth two e-mail addresses of individuals at Universal Music Group. (A true and correct copy of the January 29, 2104 e-mail correspondence from Apple is attached as Exhibit C).

60. Upon information and belief, Apple received no counter-notification under 17 U.S.C. § 512(c), and, in any event, if it had received such counter-notification, failed to provide a copy to Plaintiffs' counsel.

61. Apple did not remove the Infringing Work identified in the DMCA Take Down Notice and has failed to comply with the terms of the notice and with 17 U.S.C. § 512(c).

62. Upon information and belief, Apple has the practice of not complying with DMCA Notices whenever Universal Music Group is the "provider" of a musical work, and therefore, at all times relevant, had no intention whatsoever of complying with the DMCA notice served by Plaintiffs' counsel.

63. On January 27, 2014, Plaintiffs' counsel sent a DMCA Take Down Notice

regarding the Infringing Composition to Amazon's parent company, Amazon.com, Inc., in compliance with 17 U.S.C. § 512(c)(3), to the physical address and e-mail address provided by Amazon to the U.S. Copyright Office to receive notification of claimed infringements. (A true and correct copy of the DMCA Take Down Notice to Amazon is attached as Exhibit D).

64. Amazon did not remove the infringing works identified in the DMCA Take Down Notice and has failed to comply with the terms of the notice and the terms of 17 U.S.C. § 512(c).

65. 17 U.S.C. § 512(c)(1)(C) provides a safe harbor to an Internet service provider, such as Apple and Amazon, against liability for copyright infringement if: "Upon notification of claim infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity."

66. Both Apple and Amazon have failed to comply with the above provision, and as a result have lost their protection as innocent Internet service providers under the DMCA, and are now liable for direct, contributory, and vicarious copyright infringement of the Infringed Composition.

### THIRD CLAIM AGAINST CASH MONEY RECORDS, EMI, UNIVERSAL MUSIC PUBLISHING, WARNER/CHAPPELL, AND SONY/ATV FOR DECLARATORY JUDGMENT AS TO THE INTEREST OF THE PLAINTIFFS IN THE INFRINGING WORK

67. Plaintiffs repeat the allegations set forth in paragraph 1 through 66.

68. A sample-publishing license to use the Infringed Composition within the Infringing Composition was never requested from either the Smith Estate or Hebrew Hustle by Cash Money Records, EMI, Universal Music Publishing, Warner/Chappell or SONY/ATV. Accordingly, there is no sample-publishing license in place permitting any of the Defendants to exploit the Infringed Composition. Nonetheless, the Infringed Composition was incorporated in the Infringing Composition embodied upon the Album, and as disaggregated singles distributed

and sold separate and apart from the Album, when it was released on September 24, 2013.

69. EMI, Universal Music Publishing, Warner/Chappell and SONY/ATV have failed to recognize and acknowledge the substantial interest of the Smith Estate and Hebrew Hustle in the copyright of the Infringing Composition, and have taken the position that the Smith Estate and Hebrew Hustle are not entitled to any portion of the mechanical and publishing royalties derived from the Infringing Composition.

70. The Infringing Composition is a derivative work of the Infringed Composition containing a portion of the composition created by Smith.

71. Cash Money Records was the label that released the album and the disaggregated single, and is responsible for the payment of mechanical and publishing royalties for the Infringing Composition.

72. Upon information and belief, EMI, Universal Music Publishing, Warner/Chappell and SONY/ATV have licensed portions of the composition of the Infringing Composition to Cash Money Records.

73. In the absence of a sample publishing license issued by either the Smith Estate or Hebrew Hustle, a declaratory judgment is necessary to determine the rights of the Smith Estate and Hebrew Hustle in the copyright of the composition of the Infringing Composition and the amount of mechanical and publishing royalties due Plaintiffs for the sale of physical and digital albums, including digital download royalties of whole albums/"singles"/digital single album equivalents, and ringtone/ringback royalties, based on such ownership.

**WHEREFORE,** Plaintiffs demand judgment as follows:

a) That Defendants be found liable for direct, contributory, and/or vicarious copyright infringement.

      b)      That Defendants be ordered to submit to an accounting so that all gains, sales, profits, and advantages derived by Defendants from each of their acts may be determined.

      c)      For a preliminary and permanent injunction enjoining Defendants and all persons acting in concert with them from copying, reproducing, performing, manufacturing, promoting, advertising, and distributing the Infringed Composition, or performing any materials that are substantially similar to the Infringed Composition, and to deliver to the Court for destruction or other reasonable disposition, all such material and means for producing same, in Defendants' possession or control.

      d)      For actual damages and Defendants' profits in an amount to be determined at trial, not less than $300,000.00.

      e)      For declaratory judgment that Plaintiffs own the copyright in the Infringed Composition, and are entitled to publishing royalties and royalties from the sale of physical and digital albums, including digital download royalties and ringtone/ringback royalties, based on such ownership or, in the alternative, that the Court declare Plaintiffs' ownership interest in the Infringing Composition and sound recordings of such works, and order appropriate payment based upon such ownership interest.

      f)      For Plaintiffs' reasonable attorneys fee's, interest, costs, and disbursements.

      / / / /

      / / / /

      / / / /

      / / / /

For such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 11, 2014

_____
ANTHONY MOTTA
Attorney for Plaintiffs
50 Broadway, Suite 2202
New York, N.Y. 10004-1874
Tel: (212) 791-7360
Fax: (212) 791-7468