UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                        :
ESTATE OF JAMES OSCAR
SMITH, *et ano.*,                              :        14cv2703

              Plaintiffs,            :        <u>OPINION & ORDER</u>

           -against-                 :

CASH MONEY RECORDS, INC., *et al.*,   :

              Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs The Estate of James Oscar Smith and Hebrew Hustle Inc. ("Plaintiffs") move to certify this Court's May 30, 2017 Opinion & Order (the "Opinion") as "final" under Federal Rule of Civil Procedure 54(b). The Opinion granted Defendants' motion for summary judgment dismissing Plaintiffs' copyright infringement claims. (Opinion & Order, ECF No. 135.) The parties continue to litigate Defendants' counterclaims under the Lanham Act and related California state law.

        Rule 54(b) allows a district court to enter a final judgment "as to one or more, but fewer than all, claims or parties . . . only when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party have been finally determined; and (3) the court makes an express determination that there is no just reason for delay." <u>Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.</u>, 769 F.3d 135, 140 (2d Cir. 2014) (quoting FED. R. CIV. P. 54(b)). In light of the historic federal policy against piecemeal appeals, "[c]ertification under Rule 54(b) should be granted only where there are interests of sound judicial administration and efficiency to be served." <u>Hogan v. Consol. Rail</u>

-1-

Corp., 961 F.2d 1021, 1025 (2d Cir. 1992) (internal citation and alterations omitted).

The parties agree that this litigation involves multiple claims and that the Opinion finally determined Plaintiffs' copyright infringement claims. District judges must "take into account judicial administrative interests as well as the equities involved" in deciding whether there exists no just reason for delay of an appeal. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

While the copyright infringement claims addressed in the Opinion involved distinct factual and legal questions from Defendants' counterclaims, that alone is not sufficient to warrant Rule 54(b) certification. Courts are also required to weigh the equities. To establish that the equities favor an immediate appeal, a party must generally show "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Hogan, 961 F.2d at 1025 (internal citation omitted). Here, Plaintiffs are not waiting to collect on a judgment and have not sufficiently demonstrated any true hardship or injustice that warrants departing from the standard federal policy against piecemeal appeals. See Hogan, 961 F.2d at 1025 (reversing a district court's certification under Rule 54(b) because there was no indication of "unusual hardship in requiring plaintiff" to wait for the disposition of the entire case); In re Vivendi Universal, S.A., Sec. Litig., 2012 WL 362028 (S.D.N.Y. Feb. 6, 2012) (denying a Rule 54(b) motion in part because plaintiffs were not waiting to collect on a monetary award and had not demonstrated any other harm in waiting).

Moreover, fact discovery on Defendants' counterclaims is ongoing and scheduled to be completed shortly. Therefore, it is likely that Defendants' counterclaims can be adjudicated by this Court within the span of a few more months. With an eye to the Second Circuit's calendar, the interest of judicial economy thus also militates in favor of denial of

certification so that there is only one appeal instead of two.

Accordingly, Plaintiffs' motion to certify the Opinion as final is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 163.

Dated: October 4, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.