UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF JAMES OSCAR SMITH and HEBREW HUSTLE INC., <br><br> Plaintiffs, <br><br> v. <br><br> CASH MONEY RECORDS, INC., *et al.*, <br><br> Defendants. | Case No. 14 CV 2703 (WHP) (RLE) |
| AUBREY DRAKE GRAHAM, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> HEBREW HUSTLE INC., <br><br> Counterclaim Defendant, <br><br> and <br><br> STEPHEN HACKER, <br><br> Additional Counterclaim Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF COUNTERCLAIM PLAINTIFF AUBREY
DRAKE GRAHAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

UNDISPUTED FACTUAL BACKGROUND ............................................................................. 2

SUMMARY JUDGMENT LEGAL STANDARD ....................................................................... 3

ARGUMENT ................................................................................................................................. 3

    A.    California's Substantive Law Applies to Graham's Right of Publicity Claims ..... 3

    B.    Counterclaim Defendants Are Liable for Violating Graham's Common Law Right Of Publicity .................................................................................................... 4

        1.    Counterclaim Defendants Indisputably Used Graham's Identity Without His Consent ................................................................................... 5

        2.    Counterclaim Defendants Used Graham's Image For Their Commercial Advantage ............................................................................... 6

        3.    Graham Has Been Injured By Counterclaim Defendants' Misappropriation ................................................................................... 7

    C.    Counterclaim Defendants Have Violated Graham's Right Of Publicity Pursuant To California Civil Code Section 3344. .................................................. 7

        1.    Counterclaim Defendants Knowingly Used Graham's Name and Image On The Website .................................................................... 8

        2.    There Is A Direct Connection Between The Use Of Graham's Name and Image And Counterclaim Defendants' Commercial Purpose .............. 9

CONCLUSION ............................................................................................................................ 10

9619283.4

## TABLE OF AUTHORITIES

### CASES

*Abdul-Jabbar v. GMC*,
    85 F.3d 407 (9th Cir. 1996) ...................................................................................5, 6, 8

*Branca v. Mann*,
    2012 U.S. Dist. LEXIS 112574 (C.D. Cal. Aug. 10, 2012) ........................................8

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ....................................................................................................3

*Eastwood v. Superior Court*,
    149 Cal. App. 3d 409 (1983) ..................................................................................6, 9

*Fairfield v. Am. Photocopy Equip. Co.*,
    138 Cal. App. 2d 82(1955) .........................................................................................6

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
    778 F.3d 1059 (9th Cir. 2015) ....................................................................................5

*Fraley v. Facebook*,
    830 F. Supp. 2d 785 (N.D. Cal. 2011) ........................................................................7

*Laufer v. Hauge*,
    140 A.D.2d 671 (2d Dep't 1988) ................................................................................4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ....................................................................................................3

*Motschenbacher v. R. J. Reynolds Tobacco Co.*,
    498 F.2d 821 (9th Cir. 1974) ......................................................................................7

*Newcombe v. Adolf Coors Co.*,
    157 F.3d 686 (9th Cir. 1998) ......................................................................................7

*Niagara Mohawk Power Corp. v. Jones Chem. Inc.*,
    315 F.3d 171 (2d Cir. 2003) .......................................................................................3

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989) .......................................................................................4

*White v. Samsung Elecs. Am., Inc.*,
    971 F.2d 1395 (9th Cir. 1992) ...........................................................................5, 6, 7

### STATUTES

California Civil Code Section 3344 ...................................................................1, 2, 3, 7, 8, 9, 10

## OTHER AUTHORITIES

Fed. R. Civ. P. 56 ...................................................................................................................1, 3

Local Civil Rule 26.1 ......................................................................................................................4

Local Civil Rule 56.1 ......................................................................................................................4

Transcript of July 13, 2017 Conference .........................................................................................9

9619283.4

Counterclaim Plaintiff Aubrey Drake Graham, professionally known as Drake ("Graham") respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. 56, for summary judgment in his favor on liability on his common law right of publicity and California Civil Code Section 3344 Counterclaims asserted by him against Counterclaim Defendants Hebrew Hustle Inc. ("Hebrew Hustle") and Stephen Hacker ("Hacker," together "Counterclaim Defendants").

## PRELIMINARY STATEMENT

Graham is a celebrated recording artist, performer and songwriter, whose name and image are recognized around the world. Counterclaim Defendants offer personal management and publishing services for individuals in the music industry, including songwriters and artists. Counterclaim Defendants have never represented Graham. Nonetheless, without any authorization from Graham, Counterclaim Defendants pulled a picture of Graham from the Internet and featured it on the their website, along with Graham's name. Undoubtedly, Counterclaim Defendants' illicit use of Graham's name and image was attractive to visitors of their website promoting their services, and thus provided Counterclaim Defendants with an unwarranted advantage in the marketplace.

Graham asserted a Counterclaim asserting that his common law right of publicity had been violated, as well as a Counterclaim for violation of his right of publicity pursuant to California Civil Code Section 3344.[1] Graham is now entitled to summary judgment on both of these Counterclaims based on the undisputed factual record.

*First*, Graham is entitled to summary judgment on his common law right of publicity claim because there is no genuine dispute that all four of the elements of this claim are satisfied.

---

[1] In addition to the two Counterclaims for which he now seeks summary judgment, Graham is asserting two other Counterclaims that are not included in this motion: for False Endorsement under Section 43(a) of the Lanham Act, and for Unfair Competition under California Business and Professions Code Section 17200.

9619283.4

It is undisputed that Counterclaim Defendants: (1) used Graham's name and image; (2) for their own commercial advantage; (3) without Graham's consent; and (4) without compensating Graham, thereby causing injury to Graham as a matter of law.

*Second*, summary judgment is warranted on Graham's California Civil Code Section 3344 claim. This claim merely requires a plaintiff who has successfully established a common-law claim for violation of the right of publicity to demonstrate two additional elements—that (1) Counterclaim Defendants' use of Graham's name and image was knowing; and (2) there is a direct link between that use and Counterclaim Defendants' commercial purpose. Counterclaim Defendants admittedly made a knowing use of Graham's name and image. Moreover, there is a direct link between Counterclaim Defendants' promotion of their music-industry services on their website and their placement of the name and image of Graham—a prominent music-industry figure—on that website.

## UNDISPUTED FACTUAL BACKGROUND

Graham is a highly successful recording artist, rapper, songwriter, and actor, who has sold millions of albums. *See* Hebrew Hustle Complaint, ECF No. 2, at ¶ 22. Hebrew Hustle is a company in the business of providing music publishers and personal management services for individuals, including songwriters and producers in the music industry. Joint Statement of Undisputed Facts ("JSUF"), ¶ 1. Hacker is the sole owner of, and solely controls, Hebrew Hustle. *Id*. ¶ 2.

Hebrew Hustle and Hacker operate a website at the URL http://www.hebrewhustle.com (the "Website"). JSUF ¶ 3. The Website promotes Hebrew Hustle's services in the music industry. *See id*, Ex. A. The Website is accessible worldwide, including throughout California and rest of the United States, and in Canada. JSUF ¶ 3. From no less than December 23, 2013 to July 25, 2014, the Website contained Graham's professional name "Drake" as well as a

2

photograph containing an image of Graham with two other individuals (the "Photograph"). *Id*. ¶ 4. The Photograph was contained on the Website's homepage. *Id*. ¶ 5. Hacker obtained the Photograph from a third-party public, Internet source. *Id*. ¶ 6. Hebrew Hustle and Hacker did not obtain any express or implied consent, license or permission from anyone to use the Photograph or Graham's name or image on the Website. *Id*. ¶¶ 7, 8.

## SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment is warranted. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once a party moves for summary judgment, the non-moving party bears the burden of coming forward with more than "[c]onclusory allegations, conjecture, and speculation." *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (internal quotation and citation omitted). Thus, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,]" the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ARGUMENT

Summary judgment as to Counterclaim Defendants' liability is warranted on: (a) Graham's common law right of publicity claim; and (b) Graham's claim that Counterclaim Defendants violated his right of publicity pursuant to California Civil Code Section 3344.

### A. California's Substantive Law Applies to Graham's Right of Publicity Claims

"A federal court sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state. The New York Court of

3

Appeals has clearly stated that 'right of publicity' claims are governed by the substantive law of the plaintiff's domicile because rights of publicity constitute personalty." *Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989) (citations omitted). "'Domicile' has been defined as one's principal and permanent place of residence where one always intends to return to from wherever one may be temporarily located." *Laufer v. Hauge,* 140 A.D.2d 671, 672 (2d Dep't 1988).

The record is undisputed that Graham is both a resident and a domiciliary of the State of California, and thus California law applies to his right of publicity claims. On July 24, 2017, Graham served a verified statement pursuant to Local Civil Rule 26.1 (the "26.1 Statement," annexed as Exhibit B to Graham's accompanying Statement of Additional Facts For Which No Genuine Dispute Exists), in response to Counterclaim Defendants' demand for same. The Rule 26.1 Statement attests to Graham's U.S. citizenship, California residence and status as a domiciliary of California. Accordingly the Rule 26.1 Statement, which was made on personal knowledge, is wholly sufficient to establish that Graham is a California resident, and that California law accordingly should apply to Graham's right of publicity claims. Nonetheless, given that Counterclaim Defendants (baselessly) challenged the adequacy of the Statement in recent communications with the Court, Graham has filed, solely in an overabundance of caution, declarations from himself and his business manager Larry Tyler. These declarations also demonstrate unequivocally that Graham is a California domiciliary. (The statements in those declarations are summarized in Paragraphs 13 through 16 of Graham's Local Civil Rule 56.1 Statement under the heading of "Additional Facts For Which No Genuine Dispute Exists.")

**B.** **Counterclaim Defendants Are Liable for Violating Graham's Common Law Right Of Publicity**

In California, "the right of publicity has developed to protect the commercial interest of celebrities in their identities. The theory of the right is that a celebrity's identity can be valuable in the promotion of products, and the celebrity has an interest that may be protected from the

4

unauthorized commercial exploitation of that identity. . . .  If the celebrity's identity is commercially exploited, there has been an invasion of his right." *White v. Samsung Elecs. Am., Inc.*, 971 F.2d 1395, 1398 (9th Cir. 1992) (quoting *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 835 (6th Cir. 1983)).

To establish a violation of the California common law right of publicity, a plaintiff must prove: (1) the defendant's use of plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury.  *Abdul-Jabbar v. GMC*, 85 F.3d 407, 413-14 (9th Cir. 1996).  Unlike claims under the Lanham Act, there is no need to show a likelihood of consumer confusion to prove a violation of the California right of publicity.  *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1072-73 (9th Cir. 2015) (collecting authority).  Here, each of these four elements has been satisfied as a matter of law.

> 1. Counterclaim Defendants Indisputably Used Graham's Identity Without His Consent

It is indisputable that Graham has satisfied the first and third elements of his common law right of publicity claim.  With respect to the first element—that Counterclaim Defendants used Graham's identity—they admit that they used Graham's name and photographic image on their Website "from no less than December 23, 2013 to July 25, 2014."  JSUF ¶¶ 4, 9.  With respect the third element—that Graham did not consent to the use of his identity—Counterclaim Defendants again admit that "Hebrew Hustle and Mr. Hacker did not obtain any express or implied consent, license or permission to use Mr. Graham's name or image on the Website."  *Id.* ¶ 7.

5

### 2. Counterclaim Defendants Used Graham's Image For Their Commercial Advantage

There is also no genuine dispute of material fact to challenge that Graham has satisfied the third element of his common law right of publicity claim. Counterclaim Defendants used Graham's identity for their commercial advantage.

Under California law, the defendant's use of the plaintiff's likeness is deemed to be to the appropriator's "commercial advantage" if it is attractive to viewers, thereby providing the defendant with a leg up in the marketplace. *See Abdul-Jabbar*, 85 F.3d at 415. This is because "[t]he first step toward selling a product or service is to attract the consumers' attention." *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 420 (1983). *See also Fairfield v. Am. Photocopy Equip. Co.*, 138 Cal. App. 2d 82, 87 (1955) (unauthorized advertisement featuring the plaintiff amounted to a "pretended endorsement or recommendation of defendant's product").

There is no question that Counterclaim Defendants' use of Graham's name and image satisfies this test. Graham is an international celebrity, whose name and image would undoubtedly be attractive to viewers. "Because of a celebrity's audience appeal, people respond almost automatically to a celebrity's name or picture." *Eastwood*, 149 Cal. App. 3d 409 at 420. Thus, by featuring Graham on the Website, Counterclaim Defendants gained a commercial advantage in promoting their services in the music industry. *White*, 971 F.2d at 1399 ("Advertisers use celebrities to promote their products. The more popular the celebrity, the greater the number of people who recognize her, and the greater the visibility for the product.").

Because Counterclaim Defendants use of Graham's name and image would be attractive to the Website's viewers, Graham has satisfied the second element of his common-law right of publicity claim as a matter of law.

9619283.4

### 3. Graham Has Been Injured By Counterclaim Defendants' Misappropriation

The fourth element of Graham's common-law right of publicity claim—injury—has also been satisfied as a matter of law. When, as here, a celebrity's likeness has been appropriated for a commercial purpose and without authorization or compensation, California recognizes that the celebrity has been injured. *See Fraley v. Facebook*, 830 F. Supp. 2d 785, 807 (N.D. Cal. 2011) (citing, *inter alia*, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 693 (9th Cir. 1998) (holding that former major-league baseball player "was injured because he was not compensated for the use of his likeness"). This is because the root of the right of publicity claim in California is that it protects an individual's interest in the commercial value of her or his identity. *See Motschenbacher v. R. J. Reynolds Tobacco Co.*, 498 F.2d 821, 824-25 (9th Cir. 1974). As the Ninth Circuit has recognized, "considerable energy and ingenuity are expended by those who have achieved celebrity" and "the law protects the celebrity's sole right to exploit this value." *White*, 971 F.2d at 1399.

Thus, each of the elements of liability, including injury, of Graham's common-law claim for violation of his right of publicity have been satisfied as a matter of law, and summary judgment as to that claim should be entered in his favor.[2]

### C. Counterclaim Defendants Have Violated Graham's Right Of Publicity Pursuant To California Civil Code Section 3344.

California Civil Code Section 3344 provides in pertinent part as follows: "Any person who knowingly uses another's name, . . . photograph, or likeness, in any manner, . . . for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the

---

[2] As the parties have stipulated and as endorsed by the Court on September 14, 2017 (Dkt. 167), expert disclosures and expert discovery regarding Graham's Counterclaims, including regarding the quantification of the damages suffered by Graham, has been deferred pending the resolution of their respective summary judgment motions.

9619283.4

person or persons injured as a result thereof." Cal. Civ. Code § 3344(a). Section 3344 is intended to complement the common law right of publicity. *Abdul-Jabbar*, 85 F.3d at 414.

To prove a violation of Section 3344, a plaintiff must prove all the elements of the common-law cause of action for misappropriation of likeness or name and, in addition, must show a *knowing use by the defendant*. *Abdul-Jabbar*, 85 F.3d at 414. Courts in California have imposed the additional requirement that there be a *direct connection between the use and defendants' commercial purpose. Id*.

Graham is entitled to summary judgment on his claim for violation of Section 3344 because: (1) Graham has satisfied the four elements of the common law cause of action for violation of his right of publicity (*see* previous section); (2) Counterclaim Defendants knowingly used Graham's name and image; and (3) there is a direct connection between Counterclaim Defendants' use and their commercial purpose in operating the Website. *Branca v. Mann*, 2012 U.S. Dist. LEXIS 112574, *18 (C.D. Cal. Aug. 10, 2012) (granting plaintiff's motion for summary judgment on its Section 3344 claims where it is "undisputed that Defendants have used Jackson's likeness in their corporate logo and advertisements without consent of Jackson's estate").

        1.      <u>Counterclaim Defendants Knowingly Used Graham's Name and Image On The Website</u>

It is indisputable that Counterclaim Defendants knowingly used Graham's name and image on their website. Indeed, Counterclaim Defendants admitted that Mr. Hacker deliberately chose Graham's image when he "obtained the Photograph from a third-party public, Internet source." SUF ¶ 6. As one of the most celebrated artists in the music industry, no reasonable jury could find—and Counterclaim Defendants do not contend—that the Photograph was chosen without knowledge of Graham's identity.

8

2. <u>There Is A Direct Connection Between The Use Of Graham's Name and Image And Counterclaim Defendants' Commercial Purpose</u>

As discussed in more detail in Section B(2) above, the use of Graham's image was for a patently commercial purpose—namely, promoting Counterclaim Defendants' services in the music industry. Moreover, the use of Graham's image was directly linked to the commercial purpose because the very placement of Graham's image on the Website would attract the viewer's attention and suggest what would amount to a false endorsement of Counterclaim Defendants. *See Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 420 (1983) (finding there was a direct connection between the defendant's use of Clint Eastwood's likeness on the cover of its magazine and the defendant's commercial purpose because the use would "motivate a decision to purchase" the magazine and noting that people respond "almost automatically" to a celebrity's name or picture). Indeed, the Court recognized this at an earlier hearing. Transcript of July 13, 2017 Conference at 15:24-16:3 ("MR. MOTTA: . . . It is not a representation that they represent all the individuals [depicted on the Website]. THE COURT: That's where you and I disagree. I think it is. It's Hebrew Hustle saying look at the pantheon of people, look at the names we represent.").

Accordingly, all of the elements of Graham's claim under Section 3344 have been satisfied as a matter of law, and summary judgment on that claim should be entered in his favor.

## **CONCLUSION**

For the foregoing reasons, Graham respectfully requests that the Court grant his motion for summary judgment on Counterclaim Defendants' liability as to his common law right of publicity claim and his claim under Section 3344 of the California Civil Code.

DATED: January 12, 2018  
New York, New York

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Christine Lepera

Christine Lepera (*ctl@msk.com*)  
Jeffrey M. Movit (*jmm@msk.com*)  
12 East 49th Street, 30th Floor  
New York, New York 10017-1028  
Tel.: (212) 509-3900; Fax: (212) 509-7239

*Attorneys for Counterclaim Plaintiff*