UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTATE OF JAMES OSCAR SMITH and     **Case No. 14-cv-2703 (WHP)(RLE)**
HEBREW HUSTLE, INC.,

                   Plaintiffs,

     v.

CASH MONEY RECORDS, INC. *et al.*,

                   Defendants.
-----------------------------------------------------------X
AUBREY DRAKE GRAHAM,

                   Counterclaim Plaintiff,

     v.

HEBREW HUSTLE INC.,

                   Counterclaim Defendant,

and

STEPHEN HACKER,

                   Additional Counterclaim Defendant.
-----------------------------------------------------------X

**COUNTERCLAIM-DEFENDANTS' RESPONSE AND OBJECTIONS TO COUNTERCLAIM-PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED FACTS SUBMITTED IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGEMENT**

Counterclaim-Defendants, Hebrew Hustle, Inc. ("Hebrew Hustle") and Stephen Hacker ("Hacker") (jointly "Counterclaim-Defendants"), respectfully submit their response and objections to the statement of undisputed facts and statement of additional facts for which no genuine dispute exists submitted by the Counterclaim-Plaintiff, Aubrey Drake Graham ("Counterclaim-Plaintiff" or "Drake"), in support of his motion for partial summary judgment pursuant to Fed. R. Civ. P. 56.

**UNDISPUTED FACTS TO WHICH THE PARTIES HAVE STIPULATED**

Counterclaim-Defendants do not contest the facts represented as being stipulated.

1. Hebrew Hustle is in the business of providing music publishing and personal management services for individuals including songwriters and producers in the music industry.

2. Mr. Hacker is the sole owner of, and solely controls, Hebrew Hustle.

3. Hebrew Hustle and Mr. Hacker operate a website at the URL http://www.hebrewhustle.com (the "Website"). The Website is accessible worldwide, including throughout California and rest of the United States, and in Canada.

4. From no less than December 23, 2013 to July 25, 2014, the Website contained Mr. Graham's professional name "Drake" as well as a photograph containing an image of Mr. Graham with two other individuals (the "Photograph").

5. The Photograph was contained on the Website's homepage.

6. Mr. Hacker obtained the Photograph from a third-party public, Internet source. Hebrew Hustle and Mr. Hacker did not obtain any express or implied consent, license or permission from anyone to use the Photograph on the Website.

7. Hebrew Hustle and Mr. Hacker did not obtain any express or implied consent, license or permission to use Mr. Graham's name or image on the Website.

8. A printout of the homepage of the Website as of June 10, 2014 is annexed hereto as Exhibit A.

9. The Photograph is contained on the bottom left-hand side of the second page of Exhibit A. The three individuals depicted in the Photograph are Mr. Graham, the recording artist professionally known as Lil Wayne, and the recording artist professionally known as Birdman.

10. As Exhibit A reflects, when a visitor to the Website clicked his or her mouse on the Photograph, the Website would display the following text:

"GOT SOME MONEY ON ME

DECEMBER 23, 2013

LISTEN TO LIL WAYNE'S COLLABORATION WITH HIS FATHER THE BIRDMAN ENTITLED "I GOT SOME MONEY ON ME" INCLUDED AS PART OF "THA CARTER IV" TARGET DELUXE EDITION ALBUM. THE TRACK WAS PRODUCED AND CO-WRITTEN BY DREW MONEY. HEBREW HUSTLE PRESENTED THE TRACK TO WAYNE SHORTLY AFTER HE WAS RELEASED FROM HIS PRISON STINT AT RIKERS ISLAND AND THE REST IS HISTORY."

11. Without waiving any affirmative defenses set forth in their Replies to the Counterclaims, Counterclaim Defendants have justified their use of Mr. Graham's name and image on the Website based on the representations set forth below:

a.  Counterclaim Defendants contend that they managed an individual named Nicholas Warwar p/k/a STREETRUNNER during the time when he co-wrote and produced a track entitled "With You" which appears on a 2010 album entitled "I Am Not a Human Being" by Lil Wayne. Mr. Graham was a guest performer on "With You." (The facts asserted in this Subparagraph A are undisputed by Mr. Graham solely for purposes of any motion for summary judgment on the Counterclaims filed by Mr. Graham.)

b.  Counterclaim Defendants contend that they managed an individual named Anthony McIntyre p/k/a Tone Mason. Before being managed by Hebrew Hustle, Tone Mason co-produced and co-wrote a track entitled "Light Up" by Drake and Jay-Z. This track appears on a 2010 album entitled "Thank Me Later" by Drake. Representation of Tone Mason by Hebrew Hustle commenced after July 25, 2014. (The facts asserted in this Subparagraph B are undisputed by Mr. Graham solely for purposes of any motion for summary judgment on the Counterclaims filed by Mr. Graham.)

c.  Counterclaim Defendants contend that they managed an individual named Bigram Zayas, Jr. known professionally as DVLP who produced and co-wrote an untitled track for Lil Wayne, Mr. Graham and Will.I.Am which remains unreleased. (The facts asserted in this Subparagraph C are undisputed by Mr. Graham solely for purposes of any motion for summary judgment on the Counterclaims filed by Mr. Graham.)

12.   Counterclaim Defendants' clients did not write or produce any other music for Mr. Graham on or before July 25, 2014. Additionally, Counterclaim Defendants did not enter into any agreements with Mr. Graham on or before July 25, 2014.

### STATEMENT OF ADDITIONAL FACTS FOR WHICH NO GENUINE DISPUTE EXISTS

Counterclaim-Defendants respond and object the Counterclaim-Plaintiff statement of additional facts as follows:

13.   Mr. Graham is a citizen of the United States and Canada and a domiciliary of the State of California. *See* Aubrey Graham's Objections and Response to Local Rule 26.1(a) Demand (Ex. B hereto).

**RESPONSE:** Counterclaim-Defendants object to the statement as irrelevant as the Counterclaims do not allege Counterclaim-Plaintiff is a citizen of the United States and Canada and a domiciliary of the State of California. Indeed, "Aubrey Graham's Objections and Response to Local Rule 26.1(a) Demand" (the "Rule 26.1 (a) Statement") states that the Demand "is irrelevant to any phase of this litigation" (Motta Dec. Supp. ¶ 3, Exhibit L. A copy of the Rule 26.1 (a) Statement is also attached to Counterclaim-Plaintiff's Rule 56.1 Statement as Exhibit B ). Counterclaim-Plaintiff is foreclosed from now asserting that it is relevant.

In addition, Counterclaim-Plaintiff is precluded from relying upon the Rule 26.1 (a) Statement in support of his alleged factual assertion.

Counterclaim-Defendants sought by discovery request the production of documents concerning Drake's residences in the United States and Canada from April 16, 2014, the date the Complaint was filed, to date. (Motta Dec. Supp. ¶ 4, Exhibit M, No. 19 and 20). Drake stated in response that the documents sought as to his residences were "irrelevant to the Counterclaims at issue in this matter." (Motta Dec. Supp. ¶ 4, Exhibit N). Drake failed to produce any

documents concerning his residences either in the United States or Canada. (Motta Dec. Supp. ¶ 4).

By Second Request for the Production of Documents dated September 1, 2017 Counterclaim-Defendants sought documents concerning Drake's domiciliary intent and residence in California. (Motta Dec. Supp. ¶ 5, Exhibit O). Drake stated in his response to each request in the second notice that the documents were "irrelevant to the Counterclaims at issue in matter". (Motta Dec. Supp., Exhibit P). Drake failed to produce any documents responsive to the Second Request. (Motta Dec. Supp. ¶ 5).

Because Drake has failed to produce *any* documents concerning domicile in response to Counterclaim-Defendants' document requests he is precluded from relying upon the Rule 26.1 (a) Statement. Fed. R. Civ. P. 37(c)(1). *Design Strategies, Inc. v. Davis,* 367 F.Supp.2d 630, 634 (SDNY 2005), *aff'd*, 469 F.3d 284 (2d Cir. 2006). *Sinco, Inc. v. Metro-North Commuter Railroad Company,* 133 F.Supp.2d 308, 311 fn.3 (SDNY 2001). (See also Counterclaim-Defendants' Memo. Supp. pp. 9-11 for additional legal authority in support).

14. Since no later than 2014 and continuing through the present date, Mr. Graham has been and remains a resident of the State of California. During this time period, he has not maintained a residence anywhere other than in the State of California. In other words, from 2014 to the present, Graham's sole and permanent residence has been, and remains, in the State of California. Declaration of Aubrey Drake Graham dated January 10, 2018 (the "Graham Decl."), ¶ 2; *see also* Declaration of Larry Tyler dated January 11, 2018 (the "Tyler Decl."), ¶ 3.

**RESPONSE:** Counterclaim-Defendants object to the statement because Drake is precluded from relying upon the Graham Decl. or the Tyler Decl. in support of the statement.

Neither Drake nor Tyler were identified as potential witnesses to Drake's alleged domicile in response to Counterclaim-Defendants' First Set of Interrogatories dated July 13, 2017 seeking the names and addresses of witnesses "with knowledge and information relevant to the subject matter of the counterclaims." (See Exhibit Q and R).  Counterclaim-Plaintiff also failed to set forth witnesses concerning domicile as a potential category of witnesses.  (Id). Drake failed to serve any supplement to the response identifying either himself or Larry Tyler as witnesses, notwithstanding that California domicile was a critical element to and part of the subject matter of the California Counterclaims. (Motta Dec. Opp. ¶ 4).  Pursuant to Fed. R. Civ. Proc. 37 (c)(1) Counterclaim-Plaintiff is precluded from relying upon such witnesses in an attempt to prove domicile.

The statement made Mr. Tyler in Tyler Decl. ¶ 3 is inadmissible pursuant to Fed. Rule Evid. 602 because it is not based on personal knowledge.  Mr. Tyler states that "to the best of my knowledge", Mr. Graham has not had a personal residence in which he lived anywhere other than the State of California." The statement is meaningless as it is not an affirmative statement of fact. (See Counterclaim-Defendants' Memo. Opp. pp. 10-12 for additional legal authority in support).

15.     It was Mr. Graham's intent as of 2014—and it remains his intent today—to maintain his permanent residence in the State of California indefinitely. Mr. Graham does not have any present intent—and he had no intent in 2014—to change his permanent residence or domicile to anywhere other than the State of California. Graham Decl., ¶ 4, Tyler Decl., ¶ 5.

**RESPONSE:** Neither Drake nor Tyler were identified as potential witnesses to Drake's alleged domicile in response to Counterclaim-Defendants' First Set of Interrogatories dated July 13, 2017, served pursuant to Fed. Rule Civ. Proc 33 and Local Rule 33.3 (a)  seeking the names and addresses of witnesses "with knowledge and information relevant to the subject matter of the

counterclaims." (See Exhibit Q and R).  Counterclaim-Plaintiff also failed to set forth witnesses concerning domicile as a potential category of witnesses. (Id).  Drake failed to serve any supplement to the response identifying either himself or Larry Tyler as witnesses, notwithstanding that California domicile was a critical element to and part of the subject matter of the California Counterclaims. (Motta Dec. Opp. ¶ 4).  Pursuant to Fed. R. Civ. Proc. 37 (c)(1) Counterclaim-Plaintiff is precluded from relying upon such witnesses in an attempt to prove domicile.  (See Counterclaim-Defendants' Memo. Opp. pp. 3-7 for the legal authority in support).

Counterclaim-Plaintiff cites to Tyler Dec. ¶ 5 in support of the assertion.  Mr. Tyler states in paragraph 5 that he is "informed"  Mr. Graham intends to maintain his principal and permanent residence and domicile in the State of California.  Since he has been "informed" the statement is premised upon what someone told him, i.e. hearsay and is inadmissible under Fed. Rule Evid. 802.  No hearsay exception is shown.  Mr. Tyler follows the statement in paragraph 5 with two more statements qualified by "I am not aware of any plan or intent" which again indicates lack of personal knowledge. These statements are inadmissible under Fed. Rule Evid. 602.

16. Mr. Graham's business activities are centered in the State of California. Mr. Graham's services as a touring performer are furnished through a corporation which he owns and which maintains its principal executive office in the State of California. Mr. Graham's services as a recording artist are furnished through a limited liability company which he owns and which maintains its principal executive office in the State of California. Tyler Decl., ¶ 6.

**RESPONSE:** Tyler was not identified as potential witnesses to Drake's alleged domicile in response to Counterclaim-Defendants' First Set of Interrogatories dated July 13, 2017, served

pursuant to Fed. Rule Civ. Proc 33 and Local Rule 33.3 (a) seeking the names and addresses of witnesses "with knowledge and information relevant to the subject matter of the counterclaims." (See Exhibit Q and R). Counterclaim-Plaintiff also failed to set forth witnesses concerning domicile as a potential category of witnesses. (Id). Drake failed to serve any supplement to the response identifying either himself or Larry Tyler as witnesses, notwithstanding that California domicile was a critical element to and part of the subject matter of the California Counterclaims. (Motta Dec. Opp. ¶ 4). Pursuant to Fed. R. Civ. Proc. 37 (c)(1) Counterclaim-Plaintiff is precluded from relying upon such witnesses in an attempt to prove domicile. (See Counterclaim-Defendants' Memo. Opp. pp. 3-7 for the legal authority in support).

      Counterclaim-Plaintiff relies solely upon Tyler Decl., ¶ 6 for the assertion. Mr. Tyler states in paragraph 6 that "Mr. Graham's business activities are centered in the State of California" and in support refers solely to an unidentified corporation and limited liability company through which Drake allegedly provides his services as a touring performer and recording artist having their "principal executive office in the state of California". It does not follow that because the corporation and limited liability company have offices in California that Drake's activities are centered in California. No reference is made as to where Mr. Graham's personal activities are centered, such as personal bank accounts, personal credit cards, voting, club memberships, or of any of the other factual indications of domiciliary intent.

Dated: New York, NY
       February 2, 2018

                                                     _s/_____
                                                     ANTHONY MOTTA (AM-1648)
                                                     amotta@prodigy.net
                                                   Attorney for Counterclaim-Defendants
                                                   50 Broadway, Suite 800
                                                   New York, NY 10004
                                                   Tel.: (212) 791-7360
                                                   Fax: (212) 791-7468