UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ESTATE OF JAMES OSCAR SMITH and                **Case No. 14-cv-2703 (WHP)(RLE)**
HEBREW HUSTLE, INC.,

                Plaintiffs,

      v.


CASH MONEY RECORDS, INC. *et al*.,

                Defendants.
-------------------------------------------------------X
AUBREY DRAKE GRAHAM,

          Counterclaim Plaintiff,

      v.

HEBREW HUSTLE INC.,

          Counterclaim Defendant,
and

STEPHEN HACKER,

        Additional Counterclaim Defendant.
-------------------------------------------------------X

## COUNTERCLAIM DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO COUNTERCLAIM PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT AND IN <u>SUPPORT OF THEIR MOTION TO PRECLUDE</u>

ANTHONY MOTTA (AM-1648)
amotta @prodigy.net
Attorney for Counterclaim-Defendants
50 Broadway, Suite 800
New York, NY 10004
Tel.: (212) 791-7360
Fax: (212) 791-7468

Dated:  New York, NY
       February 2, 2018

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

POINT I

      DRAKE SHOULD BE PRECLUDED FROM SUBMITTING ANY
      EVIDENCE THAT HE IS A CALIFORNIA DOMICILIARY OR AS TO THE
      COMMERCIAL VALUE OF HIS NAME OR IMAGE. . . . . . . . . . . . . . . . . . . . . . . -2-

      A.    Drake Does Not Allege California Domicile in the California Counterclaims.
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

      B.    Drake Failed to Identify Himself or Larry Tyler as Witnesses in Response to
      Counterclaim-Defendants' Interrogatories and are Precluded From Using Their
      Declarations in Support of Drake's Motion for Summary Judgment. . . . . . . . . -3-

      C.    Drake Is Precluded From Providing Any Evidence As to the Commercial Value
      of His Name and Image... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

      D.    Portions of the Tyler Declaration Should be Stricken. . . . . . . . . . . . . . . . . -10-

POINT II

      DRAKE'S MOTION FOR SUMMARY JUDGMENT ON
      HIS RIGHT OF PUBLICITY CLAIMS MUST BE DENIED. . . . . . . . . . . . . . . . . . -12-

      A.    Drake Has Failed to Make An Evidentiary Showing that His Name or Image Was
      Used to Counterclaim-Defendants' Commercial Advantage. . . . . . . . . . . . . -13-

      B.    Drake Has Failed to Show Any Damages Provable at Trial.. . . . . . . . . . . . . -16-

      C.    The Section 3344 (a) Claim Also Fails Because Counterclaim-Plaintiff Does Not
      Show A Knowing Use For the Purpose of Advertising or the Solicitation of
      Purchases or a Direct Connection Between the Use and a Commercial Purpose.
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
         1.    No Showing Has Been Made as the Required Knowing Use. . . . . . . . -16-
         2.    Counterclaim-Plaintiff Fails to Show a Direct Connection Between the
            Use and a Commercial Purpose.. . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

**TABLE OF AUTHORITIES**

**Cases.**

*523 IP LLC v. Cure MD Com*, 48 F.Supp.3d 600 (SDNY 2014). . . . . . . . . . . . . . . . . . . . . . . .  -6-

*Abdul-Jabbar v. GMC*, 85 F.3d 407 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-

*Adickes v. S.H. Eess & Co.*, 398 U.S. 144 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -12-

*Branca v. Mann*, 2012 WL 3263610 (C.D, Cal. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -18-

*Century Pac, Inc. v. Hilton Hotels Corp.,* 528 F.Supp.2d 206 (SDNY 2007), *aff'd.,* 354 Fed. Appx. 496 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

*Communispond, Inc. v. Kelley*, 1998 WL 473951 (SDNY Aug. 11, 1998). . . . . . . . . . . . . . .  -4-

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . .  -5-, -7-, -8-

*Eastwood v. Superior Court*, 149 Cal. App.3d 409, 198 Cal. Rptr. 342 (Ct. App. 1983). . . . .  -15-

*Ebewo v. Martinez*, 309 F.Supp.2d 600 (SDNY 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

*Fairfield v. Am. Photocopy Equp. Co.*, 138 Cal. App.2d. 82, 291 P.2d 194 (Cal. App. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-

*Federal Deposit Inc. Corp. v. Wrapwell Corp.,* 2000 WL 1576889 (SDNY Oct. 23, 2000). . .  -4-

*Folio Impressions, Inc. v.  Byer California*, 937 F.2d 759 (2d Cir. 1991). . . . . . . . . . . . . . .  -10-

*Hollander v. Am. Cyanamid Co.*, 172 F.3d 192 (2d Cir.), *cert. denied*, 528 U.S. 965 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-

*Lidle v. Cirrus Design Corp*., 2009 WL 4907201 (SDNY Dec. 18, 2009). . . . . . . . . . . . . . . .  -6-

*New World Solutions, Inc. v. NameMedia Inc.,* 150 F.Supp.3d 287 (SDNY 2015). . . . -4-, -5-, -7-

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-

*Patterson v. City of Oneida, N.Y.*, 375 F.3d 206 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . .  -10-

*Perkins v. Linkedin Corporation*, 53 F.Supp.3d 1222 (N.D. Cal. 2014). . . . . . . . . . . . . . . . .  -13-

*Pescatore v. Pan American World Airways*, 97 F.3d 1 (2d Cir. 1996). . . . . . . . . . . . . . . . . .  -18-

*Porter v. Quarantillo*, 722 F.3d 94 (2d Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-

*Ventra v. U.S.*, 121 F.Supp.2d 326 (SDNY 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -7-

*White v. Samsung Electronics America, Inc.*, 971 F.2d 1395 (9th Cir. 1992), *cert. denied*, 505 U.S. 591 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-, -16-

*Wong v. Golden State Auction Gallery*, 2016 WL 829073 (ND Cal. March 3, 2016). . . . -14-, -17-

*Yeager v. AT&T Mobility, LLC*, 2012 WL 3778926 (ED Cal. Aug. 31, 2012) . . . . . . . . . . . . -17-


**Statutes**.

Cal. Civ. Code 3344 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

Cal. Civ. Code 3344 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-


**Rules.**

Federal Rule of Civil Procedure 26 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

Federal Rule of Civil Procedure 26 (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure 33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Federal Rule of Civil Procedure 37 (c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure 56 (c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

Local Civil Rule 37.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Local Civil Rule 37.3 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Local Rule 33.3 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-


**Other Authorities.**

Restatement (Second) of Torts §652C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

Counterclaim-Defendants, Hebrew Hustle, Inc. ("Hebrew Hustle") and Stephen Hacker

("Hacker") (Hebrew Hustle and Hacker shall be referred to jointly as "Counterclaim-

Defendants"), respectfully submit this Memorandum of Law in opposition to the motion of the

Counterclaim-Plaintiff, Aubrey Drake Graham ("Drake" or "Counterclaim-Plaintiff"), for

summary judgment pursuant to Fed. R. Civ. P. 56 as to liability on its Counterclaims alleging

breaches of the California Common Law and statutory rights of publicity.

## PRELIMINARY STATEMENT

Relying on the declarations of witnesses not identified in response to Counterclaim-

Defendants' Interrogatories, in support of an allegation not made in the Counterclaims, Drake

argues he is domiciled in the State of California and that California law applies to his right of

publicity claims. The failure to allege California domicile requires that the California law claims

be dismissed pursuant to Fed. Rule Proc. 12(c).  Counterclaim-Defendants have already moved

for dismissal as part of their motion for summary judgment.

Assuming the viability of the California claims as plead, Drake seeks to submit his

declaration and that of Larry Tyler to support his claim of California domicile.  Counterclaim-

Defendants have moved to preclude both pursuant to Fed. Rule Civ. Proc. 37 (c)(1) because

Drake failed to identify either himself or Mr. Tyler as potential witnesses to prove domicile, or

for any purpose at all, in response to specific interrogatory posed by Counterclaim-Defendants.

If not precluded, statements made in the Tyler declaration should be stricken because they are

not made on personal knowledge or are premised on hearsay.

If Drake is able to overcome these hurdles his motion for summary judgment on the

California right of publicity claims must be denied.  *First*, he fails to show a commercial

advantage in the use of his name or image.  This is because he fails to prove that the ephemeral

use of his name with the name of other artists with whom Hebrew Hustle placed songs, and the

use of his image with the images of fifty (50) other individuals, was capable of attracting

attention to the Website. In order for a celebrity's name or image to attract attention it must be

central to the advertisement or use. Here it unquestionably was not. *Second*, he fails to show

damages resulting from the use. This is because he relies solely on damages based on the

commercial value of his identity and he is precluded from proving such damages by failing to

identify and provide a computation in response to interrogatory. *Third*, he fails to provide any

evidence as to the additional required elements of the statutory right of publicity claim, knowing

use for advertising purposes and direct connection with a commercial purpose.

Drake's motion for summary judgment must be denied and the concurrent motion of the

Counterclaim-Defendants to dismiss the Counterclaims should be granted.

## ARGUMENT

## POINT I

### DRAKE SHOULD BE PRECLUDED FROM SUBMITTING ANY EVIDENCE THAT HE IS A CALIFORNIA DOMICILIARY OR AS TO THE COMMERCIAL VALUE OF HIS NAME OR IMAGE

As a decision on a motion to preclude or strike may affect a movant's ability to prevail

on a motion for summary judgment, such a motion should be considered prior to the motion for

summary judgment. *Century Pac, Inc. v. Hilton Hotels Corp.,* 528 F.Supp.2d 206, 213 (SDNY

2007), *aff'd.,* 354 Fed. Appx. 496 (2d Cir. 2009).

**A.    Drake Does Not Allege California Domicile in the California Counterclaims.**

Counterclaim-Plaintiff seeks to prove an allegation not made in the California

Counterclaims.  The only allegation made is as to residence.  As shown in  Counterclaim-

Defendants' Memo in Support of their Motion for Summary Judgment ("Counterclaim-

Defendant's Supp. Memo.") pp. 7-8, the California Counterclaims should be dismissed pursuant

to Fed. Rule Civ. Proc. 12 (c) for failure to state a claim. Counterclaim-Defendants respectfully

refer the Court to the arguments set forth in that portion of the Memorandum.

**B.**     **Drake Failed to Identify Himself or Larry Tyler as Witnesses in Response to Counterclaim-Defendants' Interrogatories and are Precluded From Using Their Declarations in Support of Drake's Motion for Summary Judgment.**

By First Set of Interrogatories dated July 13, 2017, served pursuant to Fed. Rule Civ.

Proc 33 and Local Rule 33.3 (a), Counterclaim-Defendants requested Drake to:

"1.     Set forth the names and addresses of any and all witnesses who have knowledge or information relevant to the subject matter of the Counterclaims" ("Interrogatory #1)").  (A copy of the Interrogatories is attached as Exhibit Q).[1]

Drake responded as follows:

"In addition to and without waiver of any of the foregoing General Objections, Graham objects to this Interrogatory because it calls for information that is uniquely within the possession of Counterclaim Defendants. For example, the present record in this action indicates that the individuals that have or may have knowledge or information relevant to the subject matter of the Counterclaims include Stephen Hacker and Hebrew Hustle Inc., as well as (I) Individuals unknown who gave Counterclaim Defendants the Photograph at issue; (ii) Individuals unknown who posted the Photograph at issue on the Hebrew Hustle Inc. website; and (iii) Individuals unknown who took the Photograph at issue off of the Hebrew Hustle Inc. website. *Graham will supplement this response as discovery proceeds and the necessary information becomes available*."  (Emphasis added). (A copy of the Response is attached as Exhibit R).

Drake failed to serve any supplement to the response, and never identified either himself

or Larry Tyler as witnesses, notwithstanding that California domicile was a critical element to

and part of the subject matter of the California Counterclaims. (Motta Dec. Opp. ¶ 4).   Drake

attempts to show he is a California domiciliary and support his motion for summary judgment,

through the submission of his declaration and the declaration of Larry Tyler.

---

[1]Copies of the Exhibits Q, R, S and T are attached to the Motta Declaration in Opposition ("Motta Dec. Opp. ¶ __").  References to Exhibits A to P are to the Exhibits attached to the declarations of Hacker and Motta in support ("Motta Dec. Supp. ¶ ___") of Counterclaim-Defendants' motion for summary judgment.

Fed. R. Civ. Proc. 37 (c)(1) provides that if a party fails to identify a witness or provide or supplement the response to an interrogatory as required by Fed. R. Civ. Proc. 26 (e): "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Rule 37 goes on to set forth the additional and different sanctions which may be imposed "on motion and after an opportunity to be heard."[2]

The purpose of Rule 37 (c)(1) is to prevent the practice of "sandbagging" an opposing party with new, undisclosed evidence. *New World Solutions, Inc. v. NameMedia Inc.,* 150 F.Supp.3d 287, 304 (SDNY 2015); *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (SDNY 2004). It is intended "to provide a strong inducement to a party to disclose timely all relevant material that the party expects to use as evidence." *Federal Deposit Inc. Corp. v. Wrapwell Corp.,* 2000 WL 1576889 at \*2 (SDNY Oct. 23, 2000).  The Rule ensures a party does not benefit from its failure to comply, and to deter others from engaging in the same conduct.  *Communispond, Inc. v. Kelley*, 1998 WL 473951 at \*4 (SDNY Aug. 11, 1998).

A party seeking Rule 37 sanctions has the burden of showing that the opposing party failed to timely disclose information. *New World Solutions, Inc*. *supra.*  Once shown, the burden shifts to the opposing party to show that the failure was substantially justified or is harmless. *Ventra v. U.S.*, 121 F.Supp.2d 326, 331-332 (SDNY 2000). This requires an examination of four factors: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the excluded witnesses; (3) the prejudice suffered by the

---

[2] Counterclaim-Defendants have moved as part of their opposition to preclude the Drake and Tyler declarations. While Counterclaim-Defendants are cognizant of the requirements of Local Civil Rules 37.3 (a) and 37.2, and the Court's Individual Rules, Counterclaim-Defendants did not learn Drake intended to use the declarations until they were filed in support of his motion for partial summary judgment. (Motta Dec. Opp. ¶ 7).  No prior notice was given. (Id).  There was no opportunity for compliance with the above requirements.

opposing party as a result of having to prepare to meet the testimony; and (4) the possibility of a continuance. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (the "*Patterson* Factors").   A court has broad discretion in fashioning an appropriate sanction.   *New World Solutions, Inc*. *supra*. at 304. Preclusion is not a mandatory sanction and is a harsh remedy that should be imposed in only rare situations."   *Id.*   This is one of those rare situations.

Drake in response to Interrogatory #1 stated that the identity of witnesses was "uniquely within the possession of Counterclaim Defendants".   (See Exhibit R).   In addition to identifying Hacker and Hebrew Hustle he set forth three groups of potential witnesses: (I) individuals who gave Counterclaim-Defendants the Photograph; (ii) individuals who posted the Photograph on the Website; and (iii) individuals who took the Photograph off the Website.   Neither Drake nor Larry Tyler fall within any of these categories of witnesses.   Drake does not set forth as a potential group of witnesses individuals having knowledge about his domicile.

As Drake has not identified either himself or Larry Tyler as a potential witness he has the burden of showing that the *Patterson* Factors do not warrant preclusion.   He cannot do so.

*First*, there is no explanation for the failure to disclose the witnesses.   Drake was well aware that domicile was in issue; both Counterclaim-Defendants alleged that Drake was not domiciled in California in their Second Affirmative Defenses in each of their Replies.   (See Exhibit B: ¶ 45; Exhibit C:  ¶ 45).   This factor favors Counterclaim-Defendants.

*Second*, the declarations of the unnamed witnesses are being submitted in support of Drake's attempt to show he is domiciled in California.   Drake has failed to allege domicile in the Counterclaims so it is not an issue.   This factor favors Counterclaim-Defendants.

*Third*, Counterclaim-Defendants are prejudiced because they were unaware that these new witnesses would be produced in support of domicile. Counterclaim-Defendants' Second

Notice to Produce sought documents concerning Drakes' residences and domiciliary intent.  (See Exhibit O).  Drake objected to *each* request stating, in part, "Graham also objects because he has already submitted a verified statement that he is a domiciliary of California. *Any further discovery on this subject is unnecessary and harassing."* (Emphasis added).  (See Exhibit P).  This made clear that Drake *did not* intend to rely on any other evidence to prove California domicile as it was "unnecessary". [3]  See  *New World Solutions, Inc*. *supra.* at 308 (Third factor strongly favors preclusion of party declaration where party failed to appear for deposition with the result that opponent was unable to rebut statements made in the declaration).  This factor strongly favors Counterclaim-Defendants.

*Fourth,* with the close of discovery and the Court faced with competing motions for summary judgment, permitting discovery that Drake has refused to provide, and allowing the parties to re-submit motions for summary judgment, would serve no purpose other than to encourage a party to disregard his discovery obligations, without consequences, in an attempt to sandbag his opponent.  *Lidle v. Cirrus Design Corp*., 2009 WL 4907201 at *7-8 (SDNY Dec. 18, 2009).  See also *523 IP LLC v. Cure MD Com*, 48 F.Supp.3d 600, 638 (SDNY 2014) (Re-opening discovery would be an unjustified drain on resources of the parties and the court and weighs in favor of preclusion). This factor strongly favors Counterclaim-Defendants.

The fact that Drake is a party, and Counterclaim-Defendants are aware he may be a potential witness as a party, does not absolve the failure to designate himself as a witness as to domicile.  The failure to designate a witness for a specific purpose justifies preclusion of his

---

[3]To close discovery prior to the discovery cut-off date the parties agreed to forego fact witness depositions, not raise any discovery disputes with the Court and that no further documents would be produced by either side in fact discovery.  (Motta Dec. Opp. ¶ 6, Exhibit T). This was not a consent to permit Counterclaim-Plaintiff to rely on witnesses not identified,  to rely on documents not produced, or to obviate the responsibility to supplement the Interrogatory responses.

testimony, even though the witness was known to the adverse party and discovery was sought and obtained from the witness. *Ventra supra.* at 332. (Failure to designate doctor as an expert medical witness results in preclusion of his affirmation submitted in opposition to summary judgment even though defendant had taken discovery from him).   See also *Patterson supra*. at 117-8 (Failure to timely disclose witnesses results in preclusion).

Bad faith is not required to be shown to justify preclusion, but where present it is a factor to be considered. *Design Strategy supra*. at 296.  Here, the Court is presented with a classic case of bad faith. Counterclaim-Plaintiff stated that discovery sought concerning his domicile was "unnecessary and harassing". (Exhibit P). He then submits declarations as to domicile, which could only be rebutted if the discovery sought by Counterclaim-Defendants had been produced. There is no clearer case of sandbagging. Courts in the Circuit have not hesitated to preclude evidence on similar facts. *Ventra supra*. at 332.  (Declaration of doctor as to injuries alleged to have been caused by automobile accident precluded where plaintiff had testified at deposition that the doctor did not treat her and she refused to respond to questions regarding treatment). *New World Solutions supra.* at 309. (Bad faith justified preclusion of declaration of witness who claimed he had no knowledge of material facts so to avoid deposition but provided highly relevant information in declaration).

## C.      Drake Is Precluded From Providing Any Evidence As to the Commercial Value of His Name and Image.

Counterclaim-Plaintiff's discovery gamesmanship does not end with the domicile issue but extends to his alleged damages, a required element of both the California Common Law and statutory right of publicity claims.

Counterclaim-Defendants' First Set of Interrogatories requested Drake to:

2.      Set forth the computation of each category of damages alleged in the
        Counterclaims.  (See Exhibit Q).

Drake responded as follows:

"A computation of each category of damages alleged in the Counterclaims is premature because the damages cannot be computed until Graham receives discovery from Counterclaim Defendants that is sufficient to establish the full circumstances and extent of their unauthorized use of his name and likeness, and financial information reflecting revenues received by Counterclaim Defendants' during the period when the Photograph was posted, along with communications and transactions that transpired during said period. Without waiving any of the foregoing General Objections or any other forthcoming objection, Graham will supplement this response as discovery proceeds and the necessary information becomes available."  (See Exhibit R).

Drake failed to serve any supplement to the Response. (Motta Dec. Opp. ¶ 4).  In the response he does give, Drake fails to identify specifically any category of damages or provide computations. Based upon the Response Drake intended to seek recovery only of Counterclaim-Defendants' profits and nothing more.

Counterclaim-Plaintiff's Memo of Law in Support does not claim Counterclaim-Defendants' profits as his damages. (Counterclaim-Plaintiff's Memo. Supp. p. 7). Rather Drake claims he has been injured because he was not compensated for the use of his name or image, i.e. the commercial value of his likeness. (Id)  He neither lists this as a category of damages he is seeking to recover, nor does he provide a computation as to the alleged damages. Utilizing the *Patterson* Factors he is precluded from offering evidence as to such damages.

*First,* there is no explanation for the failure.  While Counterclaim-Plaintiff undoubtedly will rely upon the agreed-upon and court-approved extension to designate experts (D.E. 167), the extension did not obviate the need for him to set forth in, or supplement, the response to the Counterclaim-Defendants' interrogatories.  In *Design Strategy, Inc. supra.* at 293-6 the Court of Appeals affirmed the lower court's preclusion of the testimony of properly designated experts as to lost profit damages where lost profits were not set forth as a category of damages and no

computations were provided either in Rule 26 (a) disclosures or in response to an interrogatory.[4] This factor favors Counterclaim-Defendants.

*Second*, expert testimony as to Drake's commercial value is important to his attempt to show he has California Common Law and statutory right of publicity claims.  Without it he cannot satisfy the required element of damages.  This factor favors Counterclaim-Plaintiff.

*Third*, the prejudice to Counterclaim-Defendants is severe as they have not been notified that Counterclaim-Plaintiff was seeking to recover the commercial value of his likeness, and have not been able to prepare.  The prejudice is exacerbated by the fact that Drake did not produce any documents responsive to Counterclaim-Defendants' request for documents concerning Drake's endorsements.  (See Exhibit S: Response to Counterclaim-Defendants' Document Request No. 13).  Drake claimed the documents to be "not relevant to a determination whether Counterclaim Defendant [sic] made an unauthorized use of Graham's name or likeness, or that [sic] damages caused by such an authorized use."  (Id).  Drake did not produce any documents as to his "endorsement value".  (See Exhibit S: Response to No. 14).  Assuming Drake is permitted to submit evidence as to his commercial value, whether by expert testimony or otherwise, Counterclaim-Defendants would be effectively unable to rebut the evidence because of the failure to produce documents. This factor strongly favors Counterclaim-Defendants.

*Fourth,* as above, to now permit Drake to supplement his interrogatory responses and permit discovery would serve no purpose other than to reward his gambit in not properly

---

[4] In the request leading to the Court approved extension the attorney for Counterclaim-Plaintiff does not identify the area in which experts are to testify seeking only an extension "for Mr. Graham to identify any experts pertaining to his counterclaims."  See D.E. 166.

responding to the interrogatory regarding his alleged damages. This factor strongly favors Counterclaim-Defendants.

Premised upon the above, Drake should be precluded from providing any evidence of damages based upon the commercial value of his likeness.

**D.      Portions of the Tyler Declaration Should be Stricken.**

Assuming the Court does not preclude the declaration of Larry Tyler as requested above, multiple statements made within the declaration should be stricken as not being based on personal knowledge, or as being premised on hearsay.

Fed. Rule Civ. Proc. 56 (c)(4) requires that "an affidavit or declaration used to support….a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A court may strike portions of a declaration not based upon personal knowledge, that contain inadmissible hearsay, or that make generalized and conclusory statements. *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir.), *cert. denied*, 528 U.S. 965 (1999). *See Patterson v. City of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004). (Inadmissible statements in affidavits submitted in support of a summary judgment motion are incapable of raising material disputes the fact). "Principles governing admissibility of evidence do not change on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013).

Fed. R. Evid. 602 provides: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." To establish the required personal knowledge there must be a showing of a sufficient basis for the fact finder to conclude that the witness had an opportunity and did in fact perceive the matter about which he testifies. *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 764 (2d Cir.

1991).  Where a witness's testimony is premised upon what he was told by a third party, a

hearsay exception must be shown in order for the witness's testimony to be admissible.  *Porter*

*supra*. at 97-8. (Statements made in sworn statement on motion for summary judgment not

admissible where they are hearsay and no exception is shown).

Mr. Tyler states he is a partner with a Los Angeles "accounting and business

management firm" which provides such services to Drake and provides "assistance to Mr.

Graham with respect to real estate matters." No elaboration is provided as to what "assistance" is

given and whether the assistance extends to "real estate matters" outside the United States.

Mr. Tyler states in paragraph 3 of this declaration that "to the best of my knowledge",

Mr. Graham has not had a personal residence in which he lived anywhere other than the State of

California." The statement is not based on personal knowledge and is meaningless. It is not an

affirmative statement of fact.  It therefore should be stricken.

Mr. Tyler states in paragraph 4 "A  house is being constructed for Mr. Graham in

Toronto Canada; to the best of my knowledge, this house is not yet finished."  Mr. Tyler has not

shown why he would know of a construction in Canada as part of the services provided to

Counterclaim-Plaintiff and the "best of my knowledge" qualification indicates he has no direct

knowledge.  He states further that he "understands" that "when Mr. Graham has been in Toronto

during the construction process, Mr. Graham has stayed in other, temporary locations."  The

"understands" qualification again shows a lack of personal knowledge.  If the understanding is

premised upon what someone else told him it is inadmissible hearsay.

Mr. Tyler states in paragraph 5 that he is "informed"  Mr. Graham intends to maintain his

principal and permanent residence and domicile in the State of California.  Plainly, since he has

been "informed" the statement is premised upon what someone told him, i.e. hearsay.  No

hearsay exception is shown.  He follows the statement in paragraph 5 with two more statements

qualified by "I am not aware of any plan or intent" which again indicates lack of personal knowledge. These statements also should be disregarded and stricken.

Mr. Tyler states in paragraph 6 that "Mr. Graham's business activities are centered in the State of California" and in support refers solely to an unidentified corporation and limited liability company through which Drake allegedly provides his services as a touring performer and recording artist.[5]   He states they have their "principal executive office in the state of California" but does not give addresses.   It does not follow that because the corporation and limited liability company have offices in California that Drake's activities are centered in California.  No reference is made as to where Mr. Graham's personal activities are centered, such as personal bank accounts, personal credit cards, voting, club memberships, or of any of the other factual indications of domiciliary intent.

For the reasons set forth above, the above-referenced statements should be stricken and not considered.  The result is that the Tyler declaration offers nothing probative of Counterclaim-Plaintiff's domicile.

## POINT II

### DRAKE'S MOTION FOR SUMMARY JUDGMENT ON HIS RIGHT OF PUBLICITY CLAIMS MUST BE DENIED

In order to prevail on his motion for summary judgment Counterclaim-Plaintiff bears the burden of providing sufficient evidence showing there is no issue of fact upon every element of his claims, and that he is entitled to judgment as a matter of law.  *Adickes v. S.H. Eess & Co.*, 398 U.S. 144, 157 (1969). Relying not on evidence, but exclusively on the conclusory statement that "Graham's name and image would be attractive to the Website's users", Drake argues that

---

[5] Because the name of the corporation and limited liability company are not given, or their State of incorporation, the information cannot be confirmed through the relative Secretary of State.

the use has been to Counterclaim-Defendants' commercial advantage.  He provides no

particulars or analysis as to the context of the use because it would show, without question, there

was no commercial advantage.  Counterclaim-Plaintiff also has not satisfied the required element

of damages because he relies solely on commercial value damages and, as shown above, he is

precluded from providing evidence of such damages. These failures mandate that both the

Common Law and statutory right of publicity claims be dismissed. In addition, Counterclaim-

Plaintiff has failed to provide any evidence, or make any showing, that there was a knowing use

of his name and image for advertising purposes. This is an additional basis for dismissal of the

Section 3344 claim.

**A.    Drake Has Failed to Make An Evidentiary Showing that His Name or Image Was
       <u>Used to Counterclaim-Defendants' Commercial Advantage.</u>**

Drake's argument that his name and image was used to the commercial advantage of the

Counterclaim-Defendants relies on two assertions: (1) Drake is an international celebrity, and (2)

Drake's name and image was "featured" on the Website.  (Counterclaim-Plaintiff's Memo.

Supp. p. 6).  From there Drake concludes "Counterclaim-Defendants' use of Graham's name and

image would be attractive to the Website's viewers." (Id).  According to Drake this satisfies not

only the commercial advantage requirement of a Common Law right of publicity claim, but also

the direct connection requirement of Section 3344 (e).  (Id at 9).  His argument makes no

reference to the Photograph, what is depicted in the Photograph, or the precise use of Drake's

name.  His failure to do so is understandable.

The starting point for the analysis of any right of publicity claim is that the mere mention

of a plaintiff's name, or the use of a plaintiff's likeness, with nothing more, does not give rise to

a claim. As stated by the court in *Perkins v. Linkedin Corporation*, 53 F.Supp.3d 1222, 1254

(N.D. Cal. 2014):

"No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation. It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded."  (Quoting Restatement (Second) of Torts §652C cmt. d).

Section 3344 (e) is even clearer. It states:

"The use of a name, voice, signature, photograph, or likeness in a commercial medium shall not constitute a use for which consent is required under subdivision (a) solely because the material containing such use is commercially sponsored or contains paid advertising."

While related directly to the incidental use doctrine, as set forth in Counterclaim-Defendant's Support Memo. pp.  16-19, a Plaintiff has the burden of showing an appropriation to the defendant's commercial advantage, separate and apart from the incidental use doctrine. *Wong v. Golden State Auction Gallery,* 2016 WL 829073 at *3 (ND Cal. March 3, 2016).

As set forth in  Counterclaim-Defendant's Support Memo. pp. 14-16, and the authorities cited, in order for the use of a plaintiff's name or image to attract attention it must be the central figure in the presentation of a commercial product or advertisement.  An analysis of the use of Drake's image as depicted in the Photograph, the use of the Photograph, and the brief, single mention of Drake's name were not capable of attracting  attention to the Website because of the context in which they were used.  Counterclaim-Defendants will not repeat the totality of the arguments here but respectfully refers the Court to the above referenced pages of Counterclaim-Defendant's Support Memo.  Drake offers nothing to contradict or counter this.  In fact, the cases cited by Drake show not only that he is *not* entitled to summary judgment as to liability, they also support Counterclaim-Defendants' argument for summary judgment dismissing the claims.

-14-

Drake cites to *Abdul-Jabbar v. GMC*, 85 F.3d 407 (9th Cir. 1996) and *Eastwood v. Superior Court*, 149 Cal. App.3d 409, 198 Cal. Rptr. 342 (Ct. App. 1983), both referenced in Counterclaim-Defendant's Support Memo. p. 15. He does not delve into the context of the use in either case but merely parrots the holding in each case.  In *Abdul-Jabbar* the Court found that the mention of the name and collegiate career statistics of Lew Alcindor in a motor vehicle television commercial attracted viewers' attention to defendant's commercial advantage.  No other individual was mentioned.  The plaintiff was the sole and central figure and therefore was capable of drawing attention to the advertisement. In *Eastwood*, Clint Eastwood's name and photograph were depicted on the front page and in television advertisements for defendant's publication. Again the name and image were central.

Drake also cites to *Fairfield v. Am. Photocopy Equp. Co.*, 138 Cal. App.2d. 82, 291 P.2d 194 (Cal. App. 1955) and *White v. Samsung Electronics America, Inc.*, 971 F.2d 1395 (9th Cir. 1992), *cert. denied*, 505 U.S. 591 (1993).  Neither provides any assistance to Counterclaim-Plaintiff.

In *Fairfield* the defendant-photocopy company had circulated 30,000 copies of an advertisement in major cities throughout the United States containing the statement: "'Here's just a partial list of the thousands of leading law firms using' [defendant's photocopy] machine", and set forth a list of the names of attorneys and law firms.  *Id.* at 85. The list included the name of the plaintiff, a Los Angeles-based attorney, and the only Los Angeles attorney on the list. *Id.* The plaintiff, in fact, did not use defendant's photocopy machine having purchased a machine but being dissatisfied with it returned it to the defendant.  *Id.* The court found that plaintiff's right of privacy to be free from unauthorized and unwarranted publicity had been breached.  *Id.* at 86.  Here, unlike in *Fairfield* Counterclaim-Defendants have made no statement or suggestion that Drake used Hebrew Hustle's services.

In *White* the defendant had created a series of print advertisements centering on a robotic figure mimicking the appearance and mannerisms of the plaintiff, the game show presenter, Vanna White, from "Wheel of Fortune".  *Id*. at 1396.  The court found that plaintiff's common law right of publicity had been infringed.  Again, unlike here, plaintiff was the central figure in the advertisements.

Drake's name and image was not "featured" on the Website.  His name was referenced with other artists with whom Hebrew Hustle's clients placed songs.  His image was one in which he is depicted making an obscene gesture, is one of three persons depicted in the Photograph, the Photograph appeared nowhere near the masthead of the Website "Home" page, and Drake is one of forty (40) photographs depicting fifty-one (51) individuals.  The context plainly shows that Drake's name and image was not central to the Website, and no reasonable fact finder could find that they were used to Hebrew Hustle's commercial advantage.

**B.      Drake Has Failed to Show Any Damages Provable at Trial.**

Proof of damages is a required element of both the California Common Law and statutory right of publicity claims.  As set forth above Counterclaim-Plaintiff should be precluded from relying upon commercial value damages. Counterclaim-Plaintiff's motion for summary judgment should also be denied on this basis.

**C.      The Section 3344 (a) Claim Also Fails Because Counterclaim-Plaintiff Does Not Show A Knowing Use For the Purpose of Advertising or the Solicitation of Purchases or a Direct Connection Between the Use and a Commercial Purpose.**

1.      No Showing Has Been Made as the Required Knowing Use.

Section 3344 (a) states, in relevant part:

"Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for the purpose of advertising and selling, or soliciting purchases of products, merchandise, goods or

services, without such person's prior consent…shall be liable for any damages sustained by the person or persons injured as a result thereof."

"'Knowing' applies both to the use of plaintiff's name or likeness and to the purpose of advertising or solicitation of purchases." *Wong supra*. at *3. (Citing *Yeager v. AT&T Mobility, LLC*, 2012 WL 3778926 at *2 (ED Cal. Aug. 31, 2012).

While Counterclaim-Plaintiff states there was a knowing use of Drake's name and image he does not mention, and makes no attempt to show or argue, that Counterclaim-Defendants knowingly used his name or image for the purpose of advertising or the solicitation of purchases. There is no issue that the use of Drake's name was *not* knowingly used for such purposes.

The brief reference to Drake's name is in the sentence: "Stephen has played a heavy hand with his clients in the creation of hit songs for the likes of Eminem, Jay-Z, Kanye West, Lil' Wayne, Drake, Nicki Minaj and others." (Def. Rule 56.1 St. ¶ 10, Hacker Dec. ¶ 8). The statement is true in that individuals represented by Hebrew Hustle produced and/or co-wrote songs in which Drake performed and were commercially released. (See Joint Rule 56.1 St. ¶ 11). The reference is not used for advertising purposes since the use is incapable of attracting attention to the Website. It is not coupled with a solicitation for purchase. The wording in the sentence in which his name is used makes clear that it was not used for either purpose.

As shown above, the image of Drake in the Photograph was incapable of attracting attention to the Website and therefore could not have been "knowingly" used for such a purpose. As the parties have stipulated (Joint Rule 56.1 St. ¶ 10) when a visitor to the Website clicks on the Photograph a statement appears that a writer represented by Hebrew Hustle co-wrote and produced a song entitled "I Got Some Money on Me", a collaboration of the musical artists, Lil' Wayne and Birdman. No reference is made to Drake. The statement cannot be construed as any type of solicitation, particularly since Drake's name is not mentioned.

-17-

2.      Counterclaim-Plaintiff Fails to Show a Direct Connection Between the Use and a
        <u>Commercial Purpose.</u>

As shown above in POINT II, A. the use of Drake's identity is not to Counterclaim-
Defendants' commercial advantage.  Counterclaim-Plaintiff cites to *Branca v. Mann*, 2012 WL
3263610 (C.D, Cal. 2012) to conclude he is entitled to summary judgment on his Section 3344
claim.  *Branca* offers no assistance and reinforces what is set forth above: the use of a celebrity's
name or image must be central to an advertisement or use to be actionable.

In *Branca* the court dealt with multiple claims brought by the Estate of Michael Jackson
involving, in part, the use of an image of Mr. Jackson "performing a dance move known as the
'Smooth Criminal Lean'" as part of its corporate logo and advertising.  *Id.* at *1. The court
granted summary judgment on the Section 3344.1 claim.  *Id.* at *6.  Here, Drake's image was not
used as part of Hebrew Hustle's logo, it appears nowhere near the logo on the Website, and was
not a central focus of the Website.

Finally, Counterclaim-Plaintiff refers to a brief exchange between the Court and
Counterclaim-Defendants' attorney at a pre-motion conference on a proposed motion to strike
the Counterclaims under the California Anti-SLAPP statute (Cal. Civ. Proc. Code §425.16.)  The
exchange dealt with Drake's argument that the commercial speech exemption set forth in Code
§425.17(c) precluded application.  The Court ultimately refused to extend Counterclaim-
Defendants' time permitted under the statute to file a motion.  Even assuming it would have
application as to whether Counterclaim-Defendants made a commercial use of Drake's name or
image, which it does not, no ruling was made on the commercial use exception.  In the absence
of a decision on a rule of law the doctrine of the law of the case is inapplicable and the exchange
has no effect on subsequent proceedings in this Court.  *Pescatore v. Pan American World
Airways*, 97 F.3d 1, 7-8 (2d Cir. 1996) ("The law of the case doctrine 'posits that when the court

-18-

decides upon rule of law, that decision should continue to govern the same issues in subsequent

stages in the same case'" (citations omitted)).

## <u>CONCLUSION</u>

It is respectfully requested that the Court deny the motion of the Counterclaim-Plaintiff

for summary judgment on his California right of publicity counterclaims, together with such

further and other relief as the Court deems necessary and appropriate.

Dated: New York, NY
      February 2, 2018

                              \_\_s/_____
                              ANTHONY MOTTA (AM-1648)
                              amotta@prodigy.net
                              Attorney for Counterclaim Defendants
                              50 Broadway, Suite 800
                              New York, NY 10004
                              Tel.: (212) 791-7360
                              Fax: (212) 791-7468