UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ESTATE OF JAMES OSCAR SMITH and          Case No. 14-cv-2703 (WHP)(RLE)
HEBREW HUSTLE, INC.,

                Plaintiffs,
       v.


CASH MONEY RECORDS, INC. *et al.*,

                Defendants.
---------------------------------------------------------X
AUBREY DRAKE GRAHAM,

                Counterclaim Plaintiff,

       v.

HEBREW HUSTLE INC.,

                Counterclaim Defendant,
and

STEPHEN HACKER,

                Additional Counterclaim Defendant.
---------------------------------------------------------X

**COUNTERCLAIM DEFENDANTS' MEMORANDUM OF LAW IN REPLY AND IN
FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGEMENT AND
DISMISSAL OF THE CLAIMS OF THE COUNTERCLAIM PLAINTIFF**

ANTHONY MOTTA (AM-1648)
amotta@prodigy.net
Attorney for Counterclaim-Defendants
50 Broadway, Suite 800
New York, NY 10004
Tel.: (212) 791-7360
Fax: (212) 791-7468

Dated:  New York, NY
         February 12, 2018

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    A.    Counterclaim-Defendants' Rule 12(c) Motion Should Be Granted.. . . . . . . . . . . -1-

        1.    Counterclaim-Plaintiff Alleged Residence and Not Domicile.. . . . . . . . . -2-

        2.    The Evidentiary Record as to Domicile is "Undisputed" Because Counterclaim-Plaintiff Failed to Produce Documents or Identify Witnesses Concerning Domicile... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

        3.    Counterclaim-Defendants Did Not "Waive" Their Objections to Drakes' Reliance Upon Witnesses Not Identified and Documents Not Produced. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

        4.    The Request to Amend Should Be Denied.. . . . . . . . . . . . . . . . . . . . . . . . -4-

    B.    The Court Should Grant Counterclaim-Defendants' Motion for Summary Judgment Dismissing the Counterclaims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

        1.    The Claim that there has Been a "Spoliation of Evidence" and that An "Adverse Inference" is Justified Is Specious.. . . . . . . . . . . . . . . . . . . . . . -5-
            a.    There Has Been No Spoliation of Evidence. . . . . . . . . . . . . . . . -5-
            b.    Assuming Spoliation There Can Be No Adverse Inference.. . . . -7-

    C.    Counterclaim-Defendants Are Entitled to Summary Judgment Dismissing the California Law Counterclaims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

        1.    There Has Been No Commercial Appropriation of Drake's Identity Either Under the California Common Law Right of Publicity or Section 3344. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

        2.    Counterclaim-Plaintiff is Precluded from Proving Damages to Support the California Right of Publicity Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

        3.    Counterclaim-Plaintiff has Failed to Show a Knowing Use of His Image for Advertising Purposes also Requiring a Dismissal of the Section 3344 Claim.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

    D.    Counterclaim-Defendants Are Entitled to Summary Judgment on the Lanham Act Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

        1.    The Use of Drake's Name Does Not Give Rise to An Implied Endorsement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

        2.        The Depiction of Drake in The Photograph Is Not An Implied Endorsement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

    E.        Counterclaim-Defendants Are Entitled to Summary Judgment Dismissing The California Statutory Unfair Competition Claim.. . . . . . . . . . . . . . . . . . . . . . . . -10-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

## **TABLE OF AUTHORITIES**

**Cases.**

*Antonious v. Spalding and Evenflo Companies, Inc.,* 275 F.3d 1066 (2d Cir. 2002). . . . . . . . . -5-

*Bacardi & Co., Ltd. v. New York Lighter Co., Inc.,* 1998 WL 827277 (EDNY Nov. 2, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Cat3, LLC v. Black Lineage, Inc.*, 164 F.Supp.3d 488 (SDNY 2016). . . . . . . . . . . . . . . . . . . . . -7-

*Cummings v. Soul Train Holdings LLC*, 67 F.Supp.3d 599 (SDNY 2014). . . . . . . . . . . . . . . . . -2-

*Davis v. Electronic Arts Inc.,* 775 F.3d 1172 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1448 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*Epstein v. Kemper Ins. Companies*, 210 F.Supp.2d 308 (SDNY 2002) . . . . . . . . . . . . . . . . . . . -6-

*Gallimore v. Long Island R. Company*, 354 F. Supp.2d 478 (SDNY 2005). . . . . . . . . . . . . . . . -6-

*G-I Holdings, Inc. v. Baron & Budd,* 2002 WL 1934004 (SDNY 2002). . . . . . . . . . . . . . . . . . -5-

*Jackson v. Odenat,* 9 F.Supp.3d 342 (SDNY 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Johnson v. Zerbst*, 304 U.S. 458 (1938). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Learning Care Group, Inc. v. Armetta*, 315 F.R.D. 433 (D. Conn. 2016). . . . . . . . . . . . . . . . . . -6-

*Levy v. Alfano*, 47 F.Supp.2d 488 (SDNY 1999), *aff'd,* 208 F.3d 203 (2d. Cir. 2000). . . . . . . -4-

*Perkins v. Linkedin Corporation*, 53 F.Supp.3d 1222 (N.D. Cal. 2014). . . . . . . . . . . . . . . . . . . -7-

*Saleveson v. JP Morgan Chase & Co.*, 663 Fed. App. 71 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1826 (2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Sarver v. Chartier*, 813 F.3d 891 (9th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*Skyline Steel, LLC v. Pile Pro, LLC*, 101 F.Supp.3d 394 (SDNY 2015). . . . . . . . . . . . . . . . . . . -7-

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . -5-

*Wong v. Golden State Auction Gallery,* 2016 WL 829073 (ND Cal. March 3, 2016). . . . . . . . -7-

**Statutes**

Cal. Civ. Code §3344.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-, -9-

**Rules.**

Fed. Rule Civ. Proc. 11(b)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Fed. Rule Civ. Proc. 12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -2-

Fed. Rule Civ. Proc. 15(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Fed. Rule Civ. Proc. 37 (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -6-

Fed. Rule Civ. Proc. 37(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

**Other Authorites.**

8B Fed. Prac. & Proc. §2284.2 (3d. Ed. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

**PRELIMINARY STATEMENT**

Counterclaim-Defendants' motion for summary judgment should be granted, and Drake's motion denied because of the following.  (1) He has failed to allege or show by admissible evidence that he is a California domiciliary and that California law applies.  His argument that there is no evidence disputing his alleged California domicile should be rejected outright because he refused to produce such evidence in discovery, claiming it to be "irrelevant".  (2) He relies on case law superseded by the 2015 Amendment to Rule 37 (e) to claim there should be an adverse inference as to the use of his name because of alleged "spoliation of evidence".  The black letter wording of the Rule makes clear there has been no spoliation.  (3) Without any supporting authority Drake claims that because he is a celebrity the mere appearance of his image on a website results in a commercial advantage for advertising purposes.  The relevant case law requires that his image be the focus of the advertisement, which is not the case here.

The Lanham Act claim should be dismissed because neither the use of his name or image can be construed to be an implied endorsement.  His image, making an obscene gesture, is one of three in the Photograph, among forty photographs and fifty-one individuals depicted.

**ARGUMENT**

A.   **Counterclaim-Defendants' Rule 12(c) Motion Should Be Granted.**

Counterclaim-Plaintiff, Aubrey Drake Graham ("Drake" or "Counterclaim-Plaintiff"), argues the Rule 12(c) motion should be denied because: (1) even though the Counterclaims state Drake "resides in California" it gives "notice of domicile" in California"; (2) the "undisputed evidentiary record" establishes that Drake is domiciled in California and fills in any "gap" in the pleading; and (3) Drake is not precluded from offering evidence of his domicile.  Each argument is meritless.

1.Counterclaim-Plaintiff Alleged Residence and Not Domicile.

Counterclaim-Plaintiff alleged residence, and even as to residence Counterclaim-Defendants denied knowledge or information sufficient to form a belief. (Exhibit B and C Counterclaims ¶ 4). As Counterclaim-Plaintiff acknowledges "residence" and "domicile" are two different concepts. (Counterclaim-Plaintiff Opp. Memo. p. 5)[1]. He claims there is no requirement to plead domicile. Counterclaim-Plaintiff is wrong. *See Cummings v. Soul Train Holdings LLC*, 67 F.Supp.3d 599, 602 (SDNY 2014) (Right of publicity claim alleged under New York law dismissed because Plaintiff was not domiciled in New York but in Illinois).

2.The Evidentiary Record as to Domicile is "Undisputed" Because Counterclaim-Plaintiff Failed to Produce Documents or Identify Witnesses Concerning Domicile.

There is no "gap filling" from discovery because Drake failed to produce documents as to his residences or domiciliary intent requested in Counterclaim-Defendants' First and Second Requests for Production. (See Exhibit M, Nos. 19 and 20; Exhibit O, Nos. 1-14). Instead he claimed in his Response to each Request that the discovery sought was "irrelevant to the Counterclaims at issue in this matter." (Exhibit N, Nos. 19 and 20; Exhibit P, Nos. 1 and 14). He also objected in his Response to the Second Request that "because he has already submitted a verified statement that he is a domiciliary of California. Any further discovery on this subject is unnecessary and harassing." (See Exhibit P).

Counterclaim-Defendants' Interrogatories sought the names and addresses of witnesses who have knowledge or information relevant to the subject matter of the Counterclaims. (Exhibit Q). Counterclaim-Plaintiff did not identify as witnesses to domicile either himself or

---

[1] Counterclaim-Plaintiff also complains that the contention the Counterclaims are deficient "was never raised prior to the close of fact discovery" (p. 3). This is untrue. The Replies of both Hebrew Hustle and Hacker allege as their First Affirmative Defense failure to state a claim. (Exhibits B and C, ¶ 44).

Larry Tyler, the two individuals whose declarations are now being submitted. (See Exhibit R). As set forth Counterclaim-Defendants' Memo. Opp. (pp. 7-10), the failure to identify the witnesses requires that their declarations be precluded under Rule 37(c)(1).

Counterclaim-Plaintiff creates his own self-fulfilling prophesy by closing his argument proclaiming "Counterclaim-Defendants have no admissible evidence of his California Domicile" (p. 7). Counterclaim-Plaintiff has withheld the evidence, which unquestionably was within his sole control. The argument is nothing but a cynical attempt to rig discovery to Counterclaim-Plaintiff's sole advantage. The Court should not countenance such gerrymandering and reject the argument out of hand.

> 3. Counterclaim-Defendants Did Not "Waive" Their Objections to Drakes' Reliance Upon Witnesses Not Identified and Documents Not Produced.

Counterclaim-Plaintiff argues that the parties' agreement to forego "fact witness depositions" and "not raise any discovery disputes" with the Court permitted him to "raise additional facts". (Counterclaim-Plaintiff Memo. Opp. p. 9). What the agreement *did not do* is (1) withdraw Drake's objections that the documents sought were "irrelevant"; (b) result in a "waiver" of the right to hold Drake to his objection; or (c) result in a waiver of Counterclaim-Defendants' right to object to Drake's submission of "additional facts" he had claimed were irrelevant. Waiver is an "intentional relinquishment or abandonment of a known right or privilege". *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). The only waiver arguably resulting from the agreement is the right to seek additional documents, conduct witness depositions, and raise discovery disputes with the Court, nothing else. It is not a waiver of the right of Counterclaim-Defendants to seek relief if Counterclaim-Plaintiff seeks to rely upon information or documents it failed to produce. See *Bacardi & Co., Ltd. v. New York Lighter Co., Inc.,* 1998 WL 827277 (EDNY Nov. 2, 1998) (Failure to contest validity of Fed. Rule Civ. Proc. 65 seizure

by the post-seizure hearing is not a waiver of the right to seek damages for the wrongful seizure). There was no waiver of the argument that they have no evidence because Drake refused to provide it in response to discovery requests.[2]

Counterclaim-Plaintiff argues that preclusion under Rule 37(c)(1) is not warranted because he is not relying upon; (1) documentation he failed to produce, or (2) the declarations of witnesses he failed to disclose. Each can be easily dealt with. *First*, Counterclaim-Plaintiff *is* relying upon documents he failed to produce. He argues Counterclaim-Defendants have no countervailing evidence. This is because he failed to produce documents claiming they were irrelevant. *Second*, it is uncontested that Counterclaim-Plaintiff did not disclose either Drake or Tyler as domicile witnesses, either in his interrogatory response or a supplement to the response. Drake claims he offered a deposition of his "business manager"; but no claim is made that he identified him by name or offered him as a witness as to domicile.

    4.    <u>The Request to Amend Should Be Denied.</u>

Having argued there is no evidence Drake is not a California domiciliary, because he failed to produce any, he asks the Court *sua sponte* to amend the Counterclaims to allege California domicile. (Counterclaim-Defendant Memo. Opp. p. 10). Rule 15(b) only permits amendment by the Court during or after trial. Rule 15 requires a motion to amend, and since there is no motion, no basis for the amendment is stated. The request should therefore be denied. *Saleveson v. JP Morgan Chase & Co.*, 663 Fed. App. 71, 76 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1826 (2017). See also *Levy v. Alfano*, 47 F.Supp.2d 488, 498 (SDNY 1999), *aff'd,* 208 F.3d 203 (2d. Cir. 2000) (A request made in a memorandum of law in opposition to a motion for

---

[2] In an attempt to add credibility to his argument Counterclaim-Plaintiff states Counterclaim-Defendants were "cognizant that Graham is indisputably a domiciliary of California", and they "knew such discovery would only further cement the truth that Graham is a domiciliary of California." Not only are these statements conclusory, but there is no foundation explanation as to how Counterclaim-Plaintiff, or his attorneys, were able to discern what Counterclaim-Defendants "knew".

summary judgment does not take the place of a proper motion to amend and the request should denied outright).

**B.    The Court Should Grant Counterclaim-Defendants' Motion for Summary Judgment Dismissing the Counterclaims.**

    1.    The Claim that there has Been a "Spoliation of Evidence" and that An "Adverse Inference" is Justified Is Specious.

In support of his right of publicity claims Drake alleges in the Counterclaims, not once but six times, that his name was used on the Website in a "misleading and confusing way". (Exhibit A: Counterclaims ¶¶ 15, 19, 20, 25, 34, and 40). Fed. Rule Civ. Proc. 11(b)(3) requires that this factual contention have evidentiary support. By signing a pleading submitted to the Court an attorney certifies that he has conducted a reasonable inquiry into the facts and is satisfied that the document is well grounded. *G-I Holdings, Inc. v. Baron & Budd,* 2002 WL 1934004 at *13 (SDNY 2002). See also *Antonious v. Spalding and Evenflo Companies, Inc.,* 275 F.3d 1066, 1074 (2d Cir. 2002).

Drake has failed to support his motion by any evidence as to the alleged "misleading and confusing way" his name was used[3]. He never had it because it never existed. Drake only learned *after* the Counterclaims had been filed that his name had been used in a sentence on the "Bio" page of the Website, and only because Counterclaim-Defendants advised of and produced an archive copy of the sentence in discovery. The reference was removed after Drake's attorneys complained of it on July 14, 2014. Drake now claims this was a spoliation of evidence.

    a.    There Has Been No Spoliation of Evidence.

As an initial matter, Drake had the same obligation as Defendants to preserve evidence of the use of his name. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999). Drake

---

[3]Counterclaim-Plaintiff argues he is not required to prove the use of his name was "misleading or confusing" as part of his right of publicity claims. (Counterclaim-Defendant Memo. Opp. p. 15). This is what he alleges as part of his claims whether it is required or not.

buries in a footnote in his Memorandum in Opposition (p. 13, fn. 4) that he did not have the obligation because the "Website was not under his control". Even assuming the cases cited stand for this proposition, and they don't, Drake and his attorneys were just as capable as Counterclaim-Defendants of printing out a screenshot of the use of his name. Apparently neither bothered to locate the reference let alone preserve it. To the extent they claim that a mirror electronic version should have been saved they have failed to show this was feasible, or necessary.

Putting that aside, Counterclaim-Plaintiff cites to outdated case law for the imposition of an adverse inference. Fed. Rule Civ. Proc. 37(e), as amended effective December 1, 2015, applies[4]. It provides that spoliation occurs only where electronically stored information cannot be restored or replaced. A loss from one source is harmless where substitute information can be found elsewhere. 8B Fed. Prac. & Proc. §2284.2 (3d. Ed. 2017). Counterclaim-Defendants have provided archived copies of the "Bio" webpage containing the reference to Graham's name[5].

---

[4] Chief Justice Roberts in his order implementing the amendment stated that it governs all pending civil proceedings "insofar as just and practicable." This has been construed to mean that discovery disputes postdating December 1, 2015 are governed by the amendment. See *Learning Care Group, Inc. v. Armetta*, 315 F.R.D. 433, 440 (D. Conn. 2016). The Comments to the amendment state the rule "forecloses reliance on inherent authority" making clear that prior case law is superceded in dealing with sanctions concerning electronically stored information.

[5] Drake objects to Def. Rule 56.1 St. ¶ 11 on the basis that "there is no foundation that Hacker had personal knowledge, let alone, expertise regarding how the WordPress program functions." (Resp. to Def. Rule 56.1 St. ¶ 11). The objection is contradicted in the same response because Drake *admits* "Hacker designed and set up the Website and made all changes to the website using WordPress program". The statement is also supported by the Hacker Dec. ¶ 2 and 8 showing knowledge. Drake further alleges in his response that the statement is an attempt to circumvent the implications of spoliation of the Website. This is irrelevant and should not be considered because it is not an objection and, to the extent it can be construed as a denial, there is no citation to supporting evidence. See *Epstein v. Kemper Ins. Companies*, 210 F.Supp.2d 308 at 314 (SDNY 2002) (Statements in a Rule 56.1 Statement are inappropriate if not based on personal knowledge, contain inadmissible hearsay, are conclusory or argumentative, or do not cite to supporting evidence.) Since the objection is unwarranted, and there has been no denial with citation to evidence, the statement is deemed admitted. *Gallimore v. Long Island R. Company*, 354 F. Supp.2d 478, 483 (SDNY 2005).

(Exhibit J; Def. Rule 56.1 St. ¶ 11, Hacker Dec. ¶ 2 and 8).  There therefor has been no spoliation.

        b.    <u>Assuming Spoliation There Can Be No Adverse Inference</u>.

In order for there to be an adverse inference Rule 37(e)(2) requires that there be clear and convincing evidence that the party acted with the intent to deprive another party of the information's use.  *Cat3, LLC v. Black Lineage, Inc.*, 164 F.Supp.3d 488, 499 (SDNY 2016).  Here, given the information was not destroyed there was no intent to deprive Counterclaim-Plaintiff of its use.  Moreover, there must be extrinsic evidence that the destroyed evidence would have been unfavorable to the destroying party.  *Skyline Steel, LLC v. Pile Pro, LLC*, 101 F.Supp.3d 394, 411 (SDNY 2015).  Here, there is no such evidence.

**C.**    <b>Counterclaim-Defendants Are Entitled to Summary Judgment Dismissing the California Law Counterclaims.</b>

    1.    <u>There Has Been No Commercial Appropriation of Drake's Identity Either Under the California Common Law Right of Publicity or Section 3344.</u>

Counterclaim-Plaintiff repeats his summary judgment argument that the use of his name and image automatically resulted in a commercial advantage to Counterclaim-Defendants because "Graham is an international celebrity whose name and image is undoubtedly attractive to viewers". (Counterclaim-Plaintiff Memo. Opp. pp. 13, 16-19).  Drake ignores established law that the mere use of a name or image, without an express showing of a commercial advantage, is not a commercial appropriation.  *Perkins v. Linkedin Corporation*, 53 F.Supp.3d 1222, 1254 (N.D. Cal. 2014); *Wong v. Golden State Auction Gallery,* 2016 WL 829073 at *3 (ND Cal. March 3, 2016).  As in his summary judgment papers no authority is offered for the argument of "instant commercial appropriation". In the cases cited by Drake the celebrity was the focus or central figure in the use, was immediately discernible, and had the capability of attracting a

viewer to the advertisement[6]. Counterclaim-Defendants reviewed these cases in their Memorandum in Opposition (pp. 15-16) and will not burden the Court with a second review.

Counterclaim-Plaintiff has no choice but to argue for instant commercial appropriation because the use of Drake's image on the Website is one of three in the Photograph, buried among the images of fifty (50) other celebrities depicted in forty (40) photographs and was incapable of attracting viewers to the Website as a matter of law[7].

Citing to *Davis v. Electronic Arts Inc.,* 775 F.3d 1172 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1448 (2016). Drake pronounces that California courts "reject" the argument that the use of the identities of numerous individuals can excuse a violation of the right of publicity. (Counterclaim-Plaintiff Memo. Opp. p. 16). *Davis* dealt with the *merchandising use* of the plaintiffs' identity and not an *advertising use* as is claimed here. See *Sarver v. Chartier*, 813 F.3d 891, 904-5 (9th Cir. 2016) (Explaining the distinction between use for merchandising and advertising purposes). *Davis* dealt with a video game pitting prominent, historic football teams against each other. *Davis* at 1175-6. Plaintiffs were players on those teams. *Id.* Their names were not used, but their image and career statistics were. *Id.* Since each plaintiff was important to the game, and it re-created the player in the very setting in which he achieved renown, a

---

[6]Because Counterclaim-Plaintiff has the initial burden of showing a commercial appropriation, which he cannot do, it is not necessary for the Court to reach the incidental use defense. If the Court wishes to review the applicability of the defense it is respectfully referred to Counterclaim-Defendants' Memo. Supp. pp. 16-19.

[7] The depiction on the Website is shown on a printout dated July 25, 2014, immediately prior to filing the Counterclaims. (Def. Rule 56.1 St. ¶ 4; Exhibit I). Drake "disputes" this because the printout is in black and white. (Resp. Def. Rule 56.1 St. ¶ 4). This is immaterial and since the statement is not denied it is deemed admitted. Drake does not deny 51 individuals in 40 photographs are depicted but "disputes" it by referring to a printout of the "Home" page dated June 10, 2014 attached as Exhibit A to the Joint Rule 56.1 Statement. (Id). Even in that version there are 24 individuals in 20 photographs and Drake's image is not the focus or central figure and does not appear next to or close to Hebrew Hustle's masthead.

violation of the right of publicity was found. *Id.* At 1181. Here, Drake's claim is premised on an advertising and not a merchandising use.

    2.    Counterclaim-Plaintiff is Precluded from Proving Damages to Support the California Right of Publicity Claims.

As set forth in Counterclaim-Defendants Memo. Opp. (pp. 7-10). Drake is precluded from relying on endorsement value damages to support either his California Common Law right of publicity claim or claim under Section 3344. This is the only damage he claims. (Counterclaim-Defendant Memo. Supp. p. 7). This is an additional basis for dismissal.

    3.    Counterclaim-Plaintiff has Failed to Show a Knowing Use of His Image for Advertising Purposes also Requiring a Dismissal of the Section 3344 Claim.

Section 3344 requires a knowing use of a plaintiff's identity for the purpose of advertising or solicitation for purchases. (Id. at pp.16-17). He has failed to show this.

**D.    Counterclaim-Defendants Are Entitled to Summary Judgment on the Lanham Act Claim.**

    1.    The Use of Drake's Name Does Not Give Rise to An Implied Endorsement.

Drake's argument that the use of his name is an implied endorsement relies on false statements and incomprehensible argument.

*First,* Drake falsely claims there is no evidence of the existence of the sentence: "Stephen has played a heavy hand with his clients in the creation of hit songs for the likes of Eminem, Jay-Z, Kanye West, Lil' Wayne, Drake, Nicki Minaj and others." (Id. at p. 20). The archive copy of the "Bio" page of the Website evidences the sentence.

*Second,* Drake falsely states the sentence is not true. (Id). Drake *admits* Nicholas Warwar co-wrote and produced a track in which Drake was a guest performer. He *admits* Anthony McIntyre co-wrote and co-produced a track he performed. He *admits* Bigram Zayas, Jr. produced and co-wrote a track for Drake. (Joint Rule 56.1 St. ¶ 11(a)-(c)).

-9-

Finally, in an argument virtually incomprehensible Drake states that the reference to his name is not on the same page as the Photograph, and a viewer would not "make a connection" between the two. (Id. at 21). Counterclaim-Defendants makes no such argument. It is clear from the plain wording of the Sentence there is no implied endorsement.

      2.      <u>The Depiction of Drake in The Photograph Is Not An Implied Endorsement.</u>

Drake uses an abbreviated version of the *Polaroid* factors set forth in *Jackson v. Odenat*, 9 F.Supp.3d 342, 356-360 (SDNY 2014) to conclude there is an issue of fact as to whether an appreciable number of consumers would believe there was an implied endorsement. His mechanical application of the factors, resulting in a 5 to 1 score in his favor, is precisely the type of analysis cautioned by the court in *Jackson,* the very decision upon which Drake so heavily relies. It stated: "[A]pplication of the factors is not meant to be rote; rather, the court should keep in mind that the ultimate question is whether the use in its totality would likely confuse consumers." As set forth in Counterclaim-Defendants' Memo. Supp. p. 23 Courts have refused to use the *Polaroid* factors where they were of limited utility. This is one of those cases.

  As made clear in Counterclaim-Defendants' Memo. the depiction of Drake making an obscene gesture in one-third of the Photograph depicting two other individuals, among the depiction of fifty other individuals in thirty-nine other photographs, cannot as a matter of law lead a reasonable fact finder to find an implied endorsement. Drake assiduously does not confront this analysis, for good reason.

**E.**    **<u>Counterclaim-Defendants Are Entitled to Summary Judgment Dismissing The California Statutory Unfair Competition Claim.</u>**

The failure to find a violation of either the California right of publicity or the Lanham Act mandates dismissal of the California unfair competition claim. Since both should be dismissed there is no unfair competition claim.

## **CONCLUSION**

It is respectfully requested that the Court grant the motion of the Counterclaim-Defendants to dismiss the California Counterclaims, together with such further and other relief as the Court deems necessary and appropriate.

Dated: New York, NY
February 12, 2018

      __s/_____
      ANTHONY MOTTA (AM-1648)
      amotta@prodigy.net
      Attorney for Counterclaim-Defendants
      50 Broadway, Suite 800
      New York, NY 10004
      Tel.: (212) 791-7360
      Fax: (212) 791-7468