UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF JAMES OSCAR SMITH and HEBREW HUSTLE INC., <br><br> Plaintiffs, <br><br> v. <br><br> CASH MONEY RECORDS, INC., *et al.*, <br><br> Defendants. | Case No. 14 CV 2703 (WHP) (RLE) |
| AUBREY DRAKE GRAHAM, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> HEBREW HUSTLE INC., <br><br> Counterclaim Defendant, <br><br> and <br><br> STEPHEN HACKER, <br><br> Additional Counterclaim Defendant. | |

**COUNTERCLAIM PLAINTIFF AUBREY DRAKE GRAHAM'S MEMORANDUM OF
<u>LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION</u>**

**TABLE OF CONTENTS**

**Page**

Preliminary Statement .................................................................................................................. 1

Argument ...................................................................................................................................... 3
    A.    Legal Standard ................................................................................................... 3
    B.    The Court Appears to Have Overlooked The Portions Of The Record Demonstrating That Graham Did Not Frustrate Counterclaim Defendants' Ability To Seek Discovery On Domicile ................................................................. 4
    C.    The Court Appears to Have Overlooked The Facts and Law Establishing Graham Met His Burden Of Demonstrating His Domicile Is In California ........... 6
        1.    Burden Shifting Standard At The Summary Judgment Stage .................... 6
        2.    The Court Appears To Have Overlooked That Graham Satisfied His *Prima Facie* Burden To Establish His California Domicile As Of the Year 2014 ................................................................................................... 7
    D.    The Court Appears To Have Overlooked That Counterclaim Defendants' Waiver, Coupled With Their Failure To Provide Any Evidence Raising A Material Question Of Fact, Warrants Summary Judgment In Graham's Favor As To His California Domicile ............................................................................... 9

Conclusion .................................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*,
    2013 U.S. Dist. LEXIS 31155 (S.D.N.Y. March 6, 2013) ........................................................9

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013)..................................................................................3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).........................................................................................................6, 7

*Laufer v. Hauge*,
    140 A.D.2d 671 (2d Dep't 1988) .........................................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)........................................................................................................7, 9

*Niagara Mohawk Power Corp. v. Jones Chem. Inc.*,
    315 F.3d 171 (2d Cir. 2003).................................................................................................7

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992)...............................................................................................3

*Youngman v. Robert Bosch LLC*,
    923 F. Supp. 2d 411 (E.D.N.Y. 2013) .......................................................................5, 7, 10

### OTHER AUTHORITIES

Fed. R. Civ. P.
    26(b)(2)(1)..............................................................................................................................4
    56(c) ......................................................................................................................................6

Local Rule
    6.3...................................................................................................................................1, 3
    26.1........................................................................................................................................7

Pursuant to Southern District of New York Local Rule 6.3, Counterclaim Plaintiff Aubrey Drake Graham ("Graham") respectfully submits this Memorandum of Law in support of his motion for reconsideration of the portion of the Court's Opinion and Order on Summary Judgment (hereinafter the "MSJ Order," Dkt. No. 209), that denied Graham's motion for summary judgment on the issue of domicile.

## Preliminary Statement

In its MSJ Order, the Court denied Graham summary judgment on the issue of his domicile in California because it found that Graham "frustrated" Counterclaim Defendants' ability to seek discovery as to domicile, and that a question of fact existed as to whether California was his domicile. (*Id.* at 21-22.) In so holding, the Court appears to have overlooked critical, undisputed evidence and controlling law. This evidence and applicable law warrant reconsideration and the entry of summary judgment in Graham's favor as to his California domicile. Resolving this issue at the summary judgment stage will narrow the remaining issues in dispute, and streamline the trial of this action.

*First*, the Court appears to have overlooked key evidence that Counterclaim Defendants expressly agreed in writing to waive any further documentary evidence on, *inter alia,* the domicile issue. *See* Declaration of J. Movit (hereinafter the "Movit Decl.," Dkt. No. 200), ¶ 5 and Exhibit C thereto. Counterclaim Defendants' voluntary choice to forego any further discovery, testimonial or documentary, on Graham's domicile conclusively establishes that Graham did not frustrate their discovery. The undisputed factual chronology is as follows: (1) Counterclaim Defendants served overly broad and inappropriate document demands seeking (*inter alia*) vast amounts of sensitive and irrelevant financial and medical information; (2) Graham's counsel properly objected to these demands, and participated in meet-and-confer communications with Counterclaim Defendants regarding them; (3) prior to the conclusion of the

1

meet-and-confer process, Counterclaim Defendants entered into a stipulation pursuant to which, in exchange for the parties' agreement to a list of undisputed facts, Counterclaim Defendants made the conscious decision to forego any further testimonial or documentary discovery on the domicile issues. That decision should not be laid at Graham's feet. Indeed, in the MSJ Order, the Court correctly recognized that "Counterclaim Defendants waived their rights to depose [Graham and his business manager]" based upon the terms of this stipulation. MSJ Order at 9. There is no difference between their waiver of their deposition requests and their waiver of their document requests. By holding that Graham frustrated Counterclaim Defendants' ability to obtain further documents, this Court overlooked the impact of this parallel waiver contained in the stipulation which was voluntarily made by Counterclaim Defendants.

*Second*, given the above waiver by Counterclaim Defendants, Graham established, as a matter of undisputed fact and law, his California domicile during the relevant time period of 2014 (the time of the events at issue). As the moving party, Graham presented undisputed evidence establishing: (1) since 2014 Graham has not had a personal residence in which he lived anywhere other than the State of California; (2) his intent since at least 2014 has been to stay in California indefinitely; and (3) his business activities are centered in the State of California. This evidentiary showing is entirely sufficient to meet Graham's *prima facie* burden to establish his 2014 domicile in California. In response, in order for Counterclaim Defendants to defeat summary judgment on domicile, they were required to present evidence that creates a material question of fact. They failed to meet this burden entirely. Graham's domicile evidence was not countered by Counterclaim Defendants given their intentional waiver of their discovery rights, and their failure to point to a shred of admissible evidence that Graham had a domicile anywhere other than California in 2014.

For these reasons, Graham respectfully requests that the Court grant this motion for reconsideration, and enter summary judgment in Graham's favor on the issue of domicile.

## Argument

### A. Legal Standard

"The standard for granting a motion for reconsideration under Local Rule 6.3 'is strict.'" *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 543 (S.D.N.Y. 2013) (quoting *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311 (S.D.N.Y. 2012)). "Generally, a court will deny reconsideration 'unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Capitol Records, LLC*, 972 F. Supp. 2d at 543 (quoting *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration may also be granted by the Court because of an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "A motion for reconsideration 'is not an opportunity to advance new facts, issues or arguments not previously presented to the Court, nor is it a substitute for appeal.'" *Capitol Records, LLC*, 972 F. Supp. 2d at 543 (quoting *In re Optimal*, 886 F. Supp. 2d at 312).

Pursuant to this standard, Graham respectfully submits that the MSJ Order reflects that the Court appears to have overlooked controlling decisions and factual matters put before it with respect to Graham's domicile. *See Capitol Records, LLC*, 972 F. Supp. 2d at 544 (granting reconsideration of a summary judgment opinion "[u]pon further review of the record …."). Graham further respectfully submits that reconsideration of the portion of the MSJ Order related

3

to domicile is warranted and, upon such reconsideration, summary judgment should be entered in Graham's favor on the issue of domicile.[1]

### B. The Court Appears to Have Overlooked The Portions Of The Record Demonstrating That Graham Did Not Frustrate Counterclaim Defendants' Ability To Seek Discovery On Domicile

The Court appears to have overlooked the portions of the record demonstrating that Graham did not frustrate Counterclaim Defendants' ability to seek discovery on the issue of domicile. Quite the contrary. Counterclaim Defendants served vastly overbroad and inappropriate discovery demands; Graham appropriately objected to the demands and thereafter commenced participating in a meet-and-confer with Counterclaim Defendants regarding them. Rather than complete that meet-and-confer process, Counterclaim Defendants instead entered into an agreement with Graham pursuant to which they waived their right to obtain any further depositions or documents in exchange for a mutually agreed statement of undisputed facts.

*First*, Graham appropriately objected to the discovery requests served by Counterclaim Defendants which requested an enormous volume of information having little-to-no bearing on the domicile issue. For example, the document demands requested "*All documents* concerning Drake's residences in the United States from April 16, 2014 *to date*". *See* Declaration of Anthony Motta, (hereinafter the "Motta Decl.," Dkt. No. 191), ¶4, Ex. N, p 18-19 (emphasis added). Clearly, a review of *all documents* regarding Graham's residences (which would include, among many other irrelevant categories of information, every magazine delivered thereto and each and every other document making so much as a reference to Graham's residence address) is not needed for the domicile inquiry, would be highly burdensome to gather and produce, and is completely disproportionate to the needs of the case. *See* Fed. R. Civ. P.

---

[1] Although Graham respectfully disagrees with the Court's holdings regarding his entitlement to summary judgment on his common law and statutory right of publicity claims, Graham is only seeking reconsideration of the portion of the MSJ Opinion addressing the issue of domicile.

4

26(b)(2)(1) ("Parties may obtain discovery that is relevant to any party's claim or defense and *proportional to the needs of the case …*") (emphasis added). Moreover, this document demand also improperly sought all documents pertaining to Mr. Graham's residence *up to the present date*—even though, for the domicile analysis, the only relevant time period is 2014, when Counterclaim Defendants were making their unauthorized uses of Graham's name and image on their website. *Youngman v. Robert Bosch LLC*, 923 F. Supp. 2d 411, 420 (E.D.N.Y. 2013).

The document demands also inappropriately requested many other broad and highly sensitive categories of information—including HIPAA-protected materials and irrelevant information regarding Graham's finances, personal spending and investments—for example:

- "*All documents* concerning any motor vehicle driven by Drake at any time from January 1, 2014 to July 28, 2014 including, but not limited to, vehicle registrations, motor vehicle lease documents, automobile insurance documents, motor vehicle purchase documents, or motor vehicle loans." Motta Decl. ¶5, Ex. P, at p. 6 (emphasis added).

- "*All documents* concerning any charge or credit cards in the name of Drake effective during any portion of the period of time from January 1, 2014 to July 28, 2014." *Id.*, at p. 9 (emphasis added).

- "*All documents* concerning any brokerage firm in which Drake maintained an account during any portion of the period of time from January 1, 2014 to July 28, 2014." *Id.*, at p. 11 (emphasis added).

- "*All documents* concerning any membership by Drake during any portion of the period from January 1, 2014 through July 28, 2014 including, but not limited to, membership in any club, organization or health club or facility." *Id.*, at p. 14 (emphasis added).

- "*All documents* concerning *any medical services* used or available to Drake during any portion of the period from January 1, 2014 through July 28, 2014 including, but not limited to, health insurance policies." *Id.*, at p. 15 (emphasis added).

These requests were vastly overbroad and harassing in seeking such sensitive and utterly unnecessary information. Regardless, Graham in no way frustrated Counterclaim Defendants' ability to pursue any of these requests, but instead proceeded to engage in an appropriate meet-

A990448.2

and-confer regarding them.  *See* Movit Decl., ¶ 3 ("In September and early October 2017, counsel for Graham and counsel for Counterclaim Defendants were coordinating the scheduling of depositions, *and were engaging in a meet-and-confer regarding the document demands served by each side*.") (emphasis added).

*Second*, the reason for the conclusion of the meet-and-confer was Counterclaim Defendants' voluntary decision in early October 2017 to terminate the meet-and-confer and "forego additional fact discovery in exchange for a joint stipulation of facts," MSJ Order, at p. 9. As the Court recognized in its MSJ Order, through the October 2017 Agreement, Counterclaim Defendants waived their right to take the depositions which Graham had offered of himself and Larry Tyler.  MSJ Order, at p. 9.  However, the Court overlooked that the October 2017 Agreement further stated that neither side would be required to produce any additional documents in response to existing document demands.  Movit Decl. at ¶ 5; Ex. C (setting forth the terms of the agreement as: "(1) The parties are foregoing fact witness depositions and neither side will raise any discovery disputes with the Court; *and* (2) *No further documents are being produced by either side in fact discovery*.") (emphasis added).  Accordingly, Counterclaim Defendants were not frustrated from obtaining, but rather waived, their right to obtain documents regarding Graham's domicile.

### C. The Court Appears to Have Overlooked The Facts and Law Establishing Graham Met His Burden Of Demonstrating His Domicile Is In California

#### 1. Burden Shifting Standard At The Summary Judgment Stage

At the summary judgment stage, the movant bears the initial burden of making a *prima facie* showing by identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to a dispositive issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).  If the movant is able to establish a *prima facie* showing, then

6

the burden shifts to the party opposing summary judgment, who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party must demonstrate the existence of a factual dispute with more than "[c]onclusory allegations, conjecture, and speculation." *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (internal quotation and citation omitted). The "mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat summary judgment. *Id.* When the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,]" the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322.

### 2. The Court Appears To Have Overlooked That Graham Satisfied His *Prima Facie* Burden To Establish His California Domicile As Of the Year 2014

"'Domicile' has been defined as one's principal and permanent place of residence where one always intends to return to from wherever one may be temporarily located." *Laufer v. Hauge,* 140 A.D.2d 671, 672 (2d Dep't 1988). "… [T]he pertinent time [of domicile] for purposes of choice-of-law analysis is the time of the tort rather than any later time." *Youngman*, 923 F. Supp. 2d at 420 (E.D.N.Y. 2013). In conjunction with his motion for summary judgment, Graham submitted his Local Rule 26.1 Statement, as well as two declarations that set forth evidence of his domicile as of 2014 (the time of the events at issue in the Counterclaims): one from Graham himself and one from his business manager, Larry Tyler.[2] In these declarations,

---

[2] Although the Court struck the first sentence of paragraph five of Larry Tyler's declaration, it found that the remainder of his declaration was properly based on personal knowledge. MSJ Order, pp. 10-11. Graham does not rely on that first sentence in this motion for reconsideration.

7

Graham demonstrated that, at the only relevant time, his "principal and permanent place of residence" is California and that he "always intends to return" to California as his permanent residence.

With respect to the first prong of the domicile test, his permanent residence in California, Graham attested that "[s]ince no later than 2014 and continuing through the present date, I have been and remain a resident of the State of California. During this time period, I have not had a personal residence in which I lived anywhere other than in the State of California. In other words, from 2014 to the present, my sole and permanent residence has been, and remains in the State of California." Declaration of Aubrey Drake Graham (hereinafter the "Graham Decl.," Dkt. No. 185), ¶ 2.

With respect to the second prong of the domicile test, his intent to remain in California indefinitely, Graham attested that "it was my intent as of 2014—and it remains my intent today—to maintain my permanent residence in the State of California indefinitely. I do not now have any intent—and I had no intent in 2014—to change my principal residence or domicile to anywhere other than the State of California." *Id*., ¶ 4.

The above-quoted sworn statements alone provide sufficient evidence of domicile to meet Graham's *prima facie* burden at the summary judgment stage. However, Graham's declaration was further bolstered by evidence that his business activities are based in California. His business manager, Larry Tyler, submitted a declaration stating:

> "Mr. Graham's business activities are centered in the State of California. Mr. Graham's services as a touring performer are furnished through a corporation which Mr. Graham owns and which maintains its principal executive office in the State of California. Mr. Graham's services as a recording artist are furnished through a limited liability company which Mr. Graham owns and which maintains its principal executive office in the State of California." Declaration of Larry Tyler (Dkt. No. 186), ¶ 6.

A990448.2

The foregoing evidence more than satisfied Graham's *prima facie* burden at the summary judgment stage to show that Graham's domicile as of 2014 was California.

> **D.    The Court Appears To Have Overlooked That Counterclaim Defendants' Waiver, Coupled With Their Failure To Provide Any Evidence Raising A Material Question Of Fact, Warrants Summary Judgment In Graham's Favor As To His California Domicile**

In its MSJ Order, the Court appears to have overlooked that in response to Graham's *prima facie* showing of California domicile, Counterclaim Defendants failed to proffer any admissible evidence upon which a jury could have found that Graham has a domicile in Toronto, Canada—or anywhere other than California, for that matter.  Accordingly, summary judgment should have been granted in Graham's favor on the domicile issue—particularly given Counterclaim Defendants' waiver of their right to take discovery regarding Graham's domicile. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.[3]

The only evidence Counterclaim Defendants presented with respect to Graham's domicile was an unauthenticated, third-party news article published in 2011 discussing Graham's childhood spent in Canada and Memphis.  However, this article, which was published years *before* the relevant time period, is silent on and therefore does not create a material question of

---

[3] In the MSJ Order, the Court cited a case in which a triable issue of fact was held to exist on the issue of domicile; however in that case, each party proffered evidence as to domicile which conflicted with the evidence proffered by the adverse party. *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.,* 2013 U.S. Dist. LEXIS 31155, at *47-48 (S.D.N.Y. March 6, 2013) (issue of material fact existed as to Bruce Lee's domicile at time of death, given *inter alia* that the Lee family had "sold their house and cars and relocated with their children to Hong Kong," but "left some personal property—including a family dog—in California," and Bruce Lee's widow "testified that the Lees were living in Hong Kong temporarily").  Here, Counterclaim Defendants have no evidence that Graham had a domicile anywhere other than California in 2014.

fact as to the only issues of relevance: (1) Graham's residence as of 2014, and (2) Graham's intent as of 2014 to stay in California indefinitely.[4]

The Court also noted in its MSJ Order the acknowledgement by Graham in his Declaration that he is in the process of building a home in Toronto, which home is not yet complete.  MSJ Order, p. 22.  However, the fact that Graham is *presently* building a house in Toronto is not relevant to the determination of his domicile as of 2014, given that "the pertinent time [of domicile] for purposes of choice-of-law analysis is the time of the tort rather than any later time." *Youngman*, 923 F. Supp. 2d at 420.

Accordingly, Counterclaim Defendants failed entirely to present any evidence that creates a material question of fact as to Graham's domicile and summary judgment should therefore have been granted in Graham's favor on this issue.

## Conclusion

Graham respectfully requests that the Court reconsider its MSJ Order with respect to the issue of domicile and grant summary judgment on that issue in favor of Graham.

| | |
|---|---|
| DATED:    May 29, 2018<br>              New York, New York | MITCHELL SILBERBERG & KNUPP LLP<br><br>By:    /s/ Christine Lepera<br>          Christine Lepera (*ctl@msk.com*)<br>          Jeffrey M. Movit  (*jmm@msk.com*)<br>          12 East 49th Street, 30th Floor<br>          New York, New York 10017-1028<br>          Tel.: (212) 509-3900; Fax: (212) 509-7239<br><br>          *Attorneys for Counterclaim Plaintiff* |

---

[4] Counterclaim Defendants also pointed to an allegation in the Counterclaims that Graham has a title as a "Global Ambassador" for the Toronto Raptors.  Again, this is irrelevant to Graham's residence as of 2014 and Graham's intent as of 2014 to stay in California indefinitely.

A990448.2