UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------
ESTATE OF JAMES OSCAR SMITH, *et ano.*,

                       Plaintiffs,    :    14cv2703

          -against-    :    MEMORANDUM & ORDER

CASH MONEY RECORDS, INC., *et al.*,

                       Defendants.
------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Aubrey Drake Graham ("Drake") moves for reconsideration of that portion of this Court's May 15, 2018 Opinion & Order holding that he failed to establish domicile as a matter of law. For the reasons that follow, Drake's motion for reconsideration is denied.

## BACKGROUND

        This motion for reconsideration arises out of the protracted litigation between Hebrew Hustle Inc. ("Hebrew Hustle") and Drake. After this Court resolved Hebrew Hustle's copyright claims, the parties filed dueling motions for summary judgment on Drake's four counterclaims. (See ECF Nos. 184 & 189.) On May 15, 2018, this Court denied those motions. See Estate of Smith v. Cash Money Records, Inc., 2018 WL 2224993, at *1, *13 (S.D.N.Y. May 15, 2018.) In that Opinion & Order, this Court determined that Drake failed to establish that California was his domicile, a prerequisite for his California state-law claims. This Court held that "[a]ll that Drake offer[ed] [was] his and his business manager's sworn declarations, but no underlying evidence." Estate of Smith, 2018 WL 2224993, at *10. Accordingly, "while it is possible that the issue of domicile might be determined by way of a summary judgment motion,"

1

this Court decided that "it c[ould not] be so determined on the evidence which was presented." Estate of Smith, 2018 WL 2224993, at *11 (quoting Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 244 (2d Cir. 1984)) (alterations omitted).  Drake now contends that this Court overlooked factual and legal matters relevant to the determination of domicile.

## LEGAL STANDARD

"A motion for reconsideration under Local Rule 6.3 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'"  McGraw-Hill Global Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  "[R]econsideration is not an opportunity to obtain a second bite at the apple."  Indergit v. Rite Aid Corp., 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014) (citation and quotation marks omitted).  "The standard for reconsideration is strict and the decision is within the sound discretion of the district court."  Fabricio v. Artus, 2013 WL 2126120, at *1 (S.D.N.Y. Apr. 18, 2013) (citation and quotation marks omitted).

## DISCUSSION

Drake does not put forth any change in controlling law, availability of new evidence, or decisions that this Court overlooked.  Rather, he reiterates arguments he raised previously and this Court rejected.

First, Drake contends that this Court erred based on the procedural history between the parties. He reiterates that after he objected to Hebrew Hustle's discovery requests for documents bearing on domicile, the parties stipulated to forego additional fact discovery. Therefore, Drake contends that his failure to provide documentation of domicile to this Court was not of his own doing, but based on Hebrew Hustle's decision to abandon seeking such documents.

This Court was aware of that procedural history. See Estate of Smith, 2018 WL 2224993, at *5 (holding that Hebrew Hustle waived its right to depose Drake and his business manager). Whether Hebrew Hustle waived additional fact discovery does not bear on the question of whether Drake submitted sufficient evidence of domicile. "The presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of the summary judgment motion." United States v. Mount Sinai Hosp., 256 F. Supp. 3d 443, 450 (S.D.N.Y. 2017) (citation and alteration omitted).

As the moving party, Drake had "the burden of demonstrating the absence of a material factual question," and this Court was obligated to "view all facts in the light most favorable to the non-moving party." Conn. Ironworkers Emp'rs Assoc., Inc. v. New England Reg'l Council of Carpenters, 869 F.3d 92, 98–99 (2d Cir. 2017). Drake submitted only sworn declarations from himself and his manager and a Local Civil Rule 26.1 Statement. (See Declaration of Aubrey Drake Graham in Support of Motion for Summary Judgment, ECF No. 185 ("Drake Decl."); Declaration of Larry Tyler in Support of Motion for Summary Judgment, ECF No. 186; Aubrey Graham's Objections and Responses to Local Rule 26.1(a) Demand, ECF No. 187-2, at 2.) Drake contends those documents satisfied his prima facie burden. In Drake's Declaration, he states that he resides in California, has had no other residence since 2014, and

since 2014, has intended "to maintain [his] permanent residence in the State of California indefinitely." (Drake Decl. ¶¶ 2, 4.)

"[T]he question of domicile is a difficult one of fact to be settled only by a realistic and conscientious review of the many relevant (and frequently conflicting) indicia of where a man's home is." Dist. of Columbia v. Murphy, 314 U.S. 441, 455 (1941). Drake submitted no underlying proof of domicile. Instead, he argued that Hebrew Hustle failed to proffer any evidence showing that he was domiciled anywhere else. But that contention is unfair—Drake objected to producing such records, contending they were irrelevant to this litigation. In July 2017, Hebrew Hustle requested that Drake produce documents showing his residence(s). (Declaration of Anthony Motta, ECF No. 191 ("Motta Decl."), Ex. M, at 4.) Drake objected, contending the request was overbroad, unduly burdensome, irrelevant, and harassing. (Motta Decl., Ex. N, at 19.) In September 2017, Hebrew Hustle requested documentation of Drake's driver's licenses, credit card accounts, brokerage accounts, utility service accounts, and the like. (Motta Decl., Ex. O, at 2–3.) Again, Drake contended these documents were "irrelevant to the Counterclaims." (Motta Decl., Ex. P, at 7–8.)

Summary judgment should not be granted when a party has been denied "reasonable access to potentially favorable information." See Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980). Based on the lack of underlying evidence of domicile, coupled with Drake's objections to providing such information to Hebrew Hustle, this Court determined that Drake failed to satisfy his burden. "One's testimony with regard to his intention [regarding domicile] is . . . to be given full and fair consideration, but is subject to the infirmity of any self-serving declaration." Murphy, 314 U.S. at 456; see Kornblum v. Tax Appeals Tribunal of State of N.Y., 599 N.Y.S.2d 158, 160 (N.Y. App. Div. 1993) ("[A]

party's statements of intent are accorded little or no weight and the emphasis is placed rather upon his or her conduct and other informal factors."); Ross v. Stranger, 2011 WL 1431517, at *3 (N.D. Cal. April 14, 2011) ("Domicile is evaluated based on 'objective facts[.]'").

Therefore, given the unique procedural history of this action and Drake's failure to show a clear error or manifest injustice, this Court declines to modify its determination that he failed to establish domicile as a matter of law for purposes of his motion for summary judgment.

## CONCLUSION

Accordingly, Drake's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 212.

Dated: June 26, 2018
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

5